EXHIBIT A



A DIVISION OF CATALIS® COURTS & LAND RECORDS, LLC

Translation Disclaimer

## Case Filed Documents

Filing Details

User Menu

- ● Start new filing
- ○ Select jurisdiction
- ○ Messages (**1381**)
- ○ Recent eFilings
- ○ My forms
- ○ My profile
- ○ My payments
- ○ Payment methods
- ○ eServed on me (**49**)
- ○ Check eService status
- ○ Address book
- ○ My help requests

**Case #** CV2024090855

**Filing Type** General Civil

**Location** Maricopa - Superior Court

**Court Case Title**                    Osirio Vs. State Of Arizona, Et.Al.

**Note:** The documents filed in your case are listed below. These documents are not in the exact order of filing, but those documents that were most recently filed are at the top of the page.

### Case Filed Documents

| Document Name | Filing Date |
|---|---|
| NUS - Notice Of Removal Us District Court | 12/20/2024 12:00:00 AM MST |
| ACS - Acceptance Of Service | 12/10/2024 12:00:00 AM MST |
| APU - Affidavit Of Publication | 11/11/2024 12:00:00 AM MST |
| APU - Affidavit Of Publication | 11/06/2024 12:00:00 AM MST |
| ANS - Answer | 08/27/2024 12:00:00 AM MST |
| AMC - Amended Complaint | 08/13/2024 12:00:00 AM MST |
| AMS - Affidavit Alternative Method of Service | 07/17/2024 12:00:00 AM MST |
| APU - Affidavit Of Publication | 07/12/2024 12:00:00 AM MST |
| 019 - ME: Ruling | 06/27/2024 12:00:00 AM MST |
| AAS - Affidavit Of Attempted Service | 06/17/2024 12:00:00 AM MST |
| AAS - Affidavit Of Attempted Service | 06/17/2024 12:00:00 AM MST |
| REL - Reply | 06/14/2024 12:00:00 AM MST |
| ORD - Order | 06/06/2024 12:00:00 AM MST |
| MOT - Motion | 05/29/2024 12:00:00 AM MST |
| ORD - Order | 05/24/2024 12:00:00 AM MST |
| STP - Stipulation | 05/20/2024 12:00:00 AM MST |
| RES - Response | 05/13/2024 12:00:00 AM MST |
| OXS - Order To Extend Time For Service | 05/09/2024 12:00:00 AM MST |
| MXS - Motion To Extend Time For Service | 05/03/2024 12:00:00 AM MST |
| ORD - Order | 04/30/2024 12:00:00 AM MST |
| STP - Stipulation | 04/24/2024 12:00:00 AM MST |
| 066 - ME: Case Reassigned | 03/28/2024 12:00:00 AM MST |
| AAS - Affidavit Of Attempted Service | 03/27/2024 12:00:00 AM MST |

| MTD - Motion To Dismiss | 03/25/2024 12:00:00 AM MST |
|---|---|
| AFS - Affidavit Of Service | 02/14/2024 12:00:00 AM MST |
| AFS - Affidavit Of Service | 02/14/2024 12:00:00 AM MST |
| COM - Complaint | 02/09/2024 12:00:00 AM MST |
| CSH - Coversheet | 02/09/2024 12:00:00 AM MST |
| CCN - Cert Arbitration - Not Subject | 02/09/2024 12:00:00 AM MST |
| SUM - Summons | 02/09/2024 12:00:00 AM MST |
| SUM - Summons | 02/09/2024 12:00:00 AM MST |
| SUM - Summons | 02/09/2024 12:00:00 AM MST |
| SUM - Summons | 02/09/2024 12:00:00 AM MST |

©2024 Catalis | All Rights Reserved | Catalis® and the arrow design mark are registered trademarks of Catalis, LP in the European Union and the United Kingdom.

version
11.2.0  -127

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
12/20/2024 10:28:55 AM
Filing ID 19048813

LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 N. CENTRAL
SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700
Jonathan Y. Yu/Bar No. 032238
jyy@bowwlaw.com
jlp@bowwlaw.com

*Attorneys for Defendant Jason Rodriguez*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR., | NO. CV2024-090855 |
| Plaintiff, | |
| v. | **NOTICE OF FILING NOTICE OF REMOVAL** |
| STATE OF ARIZONA, JASON RODRIGUEZ, an individual, and JANE DOE RODRIGUEZ, husband and wife; THE GEO GROUP, INC., a corporation; JOHN DOES I-X and ABC CORPORATIONS I-X, | (Honorable Jennifer Ryan-Touhill) |
| Defendants. | |

Please take notice Defendant Jason Rodriguez is filing today a Notice of Removal in the United States Court for the District of Arizona, a copy excluding exhibits, of which is attached hereto as **Exhibit 1.**

DATED this 20th day of December, 2024.

BROENING OBERG WOODS & WILSON, P.C.


By */s/ Jonathan Y. Yu*
   Jonathan Y. Yu
   2800 North Central Avenue, Suite 1600
   Phoenix, AZ 85004
   *Attorneys for Defendant Jason Rodriguez*

EFILED via AZ TurboCourt this 20th day
of December, 2024.

COPY e-mailed this same date, to:

J. Scott Halverson, Esq.
LAW OFFICES OF J. SCOTT
HALVERSON, P.C.
2173 E. Warner Rd., #101
Tempe, AZ 85284
scott@halversonfirm.com
Attorneys for Plaintiff

Lucy Rand
Arizona Attorney General's Office
15 S. 15th Ave.
Pheonix, Arizona 85007
Lucy.Rand@azag.gov
Attorney for the State of Arizona


/s/ J. Proffitt

2

EXHIBIT 1

LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 N. CENTRAL
SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Jonathan Y. Yu/Bar No. 032238
jyy@bowwlaw.com
jlp@bowwlaw.com

Attorney for Defendant Jason Rodriguez

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Rae Osirio, Jr.,<br><br>            Plaintiff,<br><br>v.<br><br>State of Arizona, Jason Rodriguez, an individual, and Jane Doe Rodriguez, husband and wife; The Geo Group, Inc., a corporation; John Does I-X and ABC Corporations I-X,<br><br>            Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

        PLEASE TAKE NOTICE, pursuant to 28 U.S.C. §§ 1441, 1446, and 1331,

Defendant Jason Rodriguez ("Defendant"), hereby removes the state court civil action

originally commenced in the Superior Court of the State of Arizona, County of Maricopa,

entitled *Osirio Jr. v. State of Arizona, et al.*, Case No. CV2024-090855 ("State Court

Action") to this Court. In support of such removal Defendant states as follows:

        A.    The State Court Action was filed by Plaintiff Ronnie Rae Osirio, Jr. in the

Superior Court of the State of Arizona, in and for the County of Maricopa, on or about August 13, 2024, as Case No. CV2024-090855. True and correct copies of the process and pleadings filed in the State Court Action, as well as the docket, to date, are attached hereto as **EXHIBIT A**.

      B.     On December 6, 2024, Copies of Plaintiff's Amended Complaint along with an acceptance service[1], were received and signed by Defendant through his counsel of record.  Accordingly, this Notice of Removal is filed within the thirty (30) days after receipt by Defendant of a copy of the Amended Complaint, and it is timely filed under 28 U.S.C. § 1446(b).

      C.     This Court has federal question jurisdiction because Plaintiff brings the claims, at least in part, pursuant to the United States Constitution (42 U.S.C. § 1983) claiming violations of the Fourth Amendment.

      D.     This Court has supplemental jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. § 1367(a), to the extent any of the claims in the Amended Complaint (assault and battery) are interpreted  as a state law claim.

      E.     Under 28 U.S.C. § 1446(a), venue of this action is proper in this Court as the district and division within which the state court action was brought.

      F.     Under 28 U.S.C. § 1446 (2)(a), all Defendants who have been properly joined and served consent to the removal of this action.

      G.     A notification of the filing of this Notice of Removal to District Court has been filed in the Superior Court of Maricopa County in the State of Arizona. Written Notice of the filing of this Notice of Removal is being delivered to all parties.

      WHEREFORE, Defendant requests the above-referenced action currently pending the Superior Court of Maricopa County, State of Arizona, be removed to this Court. As

---

[1] Plaintiff attempted to serve Defendant via publication on or around November 11, 2024, but failed to include Defendants' true, full name in the published summons. As such, Defendant contends service by publication was ineffective.

1  required by 28 U.S.C. § 1446(d), Defendant will promptly give written notice to Plaintiff.

2  Defendant has also already filed notice with the Clerk of Superior Court of Maricopa

3  County.

4

5       RESPECTFULLY SUBMITTED this 20th day of December, 2024.

6                               BROENING OBERG WOODS & WILSON, P.C.

7

8                               By */s/ Jonathan Y. Yu*
                                   Jonathan Y. Yu
9                                  2800 North Central Avenue, Suite 1600
                                   Phoenix, AZ 85004
10                                 *Attorney for Defendant Jason Rodriguez*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

3

   I hereby certify that on December 20, 2024, I electronically transmitted the attached

documents with the Clerk's office using the CM/ECF System for filing and the attached

4

document was served by first class mail to the Plaintiff who is not a registered participant

5

of the CM/ECF system:

6

7

J. Scott Halverson, Esq.
LAW OFFICES OF J. SCOTT HALVERSON, P.C.

8

2173 E. Warner Rd., #101
Tempe, AZ 85284

9

scott@halversonfirm.com
Attorneys for Plaintiff

10

Lucy Rand

11

Arizona Attorney General's Office
15 S. 15th Ave.

12

Pheonix, Arizona 85007
Lucy.Rand@azag.gov

13

Attorney for the State of Arizona

14

15

/s/ J. Proffitt

16

17

18

19

20

21

22

23

24

25

26

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
12/10/2024 10:49:44 AM
Filing ID 18985666

LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 N. CENTRAL
SUITE 1600
PHOENIX, ARIZONA 85004
(602) 271-7700
Jonathan Y. Yu/Bar No. 032238
jyy@bowwlaw.com
jlp@bowwlaw.com

*Attorneys for Defendant Jason Rodriguez*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR., | NO. CV2024-090855 |
| Plaintiff, | |
| v. | **ACCEPTANCE OF SERVICE** |
| STATE OF ARIZONA, JASON RODRIGUEZ, an individual, and JANE DOE RODRIGUEZ, husband and wife; THE GEO GROUP, INC., a corporation; JOHN DOES I-X and ABC CORPORATIONS I-X, | (Honorable Jennifer Ryan-Touhill) |
| Defendants. | |

JONATHAN Y. YU, ESQ., being first duly sworn upon his oath, deposes and states:

1.      That he is authorized to accept service of process on behalf of JASON RODRIGUEZ with regard to the above-entitled matter.

2.      That on December 6, 2024, he received a copy and thereby accepted service of the Summons and Amended Complaint issued in the above-entitled matter, on behalf of JASON RODRIGUEZ.

3.      That execution of this Acceptance of Service shall have the same force and effect as if JASON RODRIGUEZ had been formally served in accordance with the Arizona Rules of Civil Procedure by a duly authorized process server of the above County and State on said date.

DATED this 6th day of December, 2024.

By /s/ Jonathan Y. Yu
Jonathan Y. Yu
Broening Oberg Woods 4 Wilson, P.C.
2800 North Central Avenue, Suite 1600
Phoenix, AZ 85004
*Attorney for Defendant Jason Rodriguez*

Clerk of the Superior Court
*** Electronically Filed ***
C. Nasui, Deputy
11/11/2024 6:25:21 AM
Filing ID 18828691

1  J. Scott Halverson, SBN 10629
   LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2  2173 E. Warner Road, Suite 101
   Tempe, Arizona 85284
3  Telephone (480) 777-7776
   Facsimile: (602) 357-7444
4  Email: scott@halversonfirm.com

5  Attorney for Plaintiff

6  **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF MARICOPA**

8  RONNIE RAE OSIRIO, JR.,                    No. CV2024-090855

9                     Plaintiff,              **AFFIDAVIT OF PROPRIETY AND**
                                              **COMPLETION OF SERVICE OF**
10 vs.                                        **AMENDED COMPLAINT BY**
                                              **PUBLICATION**
11 STATE OF ARIZONA,

12                     Defendants.

13

14 J. SCOTT HALVERSON, being duly sworn, upon oath, deposes and states as follows:

15      1.      I am counsel for Plaintiff in this action and submit this Affidavit to demonstrate

16 the circumstances warranting the utilization of the alternative method for service of process

17 authorized by Rule 4(e)(3), *Arizona Rules of Civil Procedure*, and to establish the completion of

18 such service.

19      2.      Multiple diligent attempts were made to serve Defendant Jason Rodriguez at his

20 last known address and to locate his current whereabouts.  (*See* Certificates of Non-Service of

21 Process filed previously with the Court.)  Accordingly, this is one of the cases in which Rule

22 4.2(e) authorizes service of process by means of publication.

23      3.      Thereafter, as is evidenced by the Affidavit of Publication which is attached

24 hereto, I caused a Summons and a statement as to the method by which a copy of the Amended

25

Complaint could be obtained, to be published in the Record Report, a newspaper regularly published in this County, on the following dates: 10/16/2024, 10/23/2024, 10/30/2024, and 11/06/2024, which is at least once a week for four successive weeks.

DATED: November 11, 2024

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**

By: /s/ *J. Scott Halverson*

J. SCOTT HALVERSON
ATTORNEY FOR PLAINTIFF

ORIGINAL of the foregoing
efiled and COPY emailed this
date: November 11, 2024, to:

Lucy M. Rand
OFFICE OF THE ATTORNEY GENERAL
2005 N. Central Avenue
Phoenix, AZ 85004-1592
Attorney for Defendant State of Arizona

Pari K. Scroggin
GRASSO LAW FIRM P.C.
2250 E. Germann Road Suite 10
Chandler AZ 85286
Attorney for Defendants Geo Group & Rodriguez

By: /s/ S. Cole, paralegal



**THE RECORD REPORTER**

~ SINCE 1914 ~

2025 N THIRD ST #155, PHOENIX, AZ 85004-1425
Telephone (602) 417-9900 / Fax (602) 417-9910

Publishing for Maricopa
and Pima Counties



NOV 0 6 2024

CLERK OF THE SUPERIOR COURT
O. PEREZ DOMINGUEZ
DEPUTY CLERK

Shawna Cole
J. SCOTT HALVERSON
2173 E. WARNER ROAD SUITE 101
TEMPE, AZ - 85284

RR# 3860693

A copy of the Summons and Complaint may be obtained by contacting Plaintiff's attorney, J. Scott Halverson, 2173 E. Warner Rd., #101, Tempe, AZ 85284, (480)777-7776
10/16, 10/23, 10/30, 11/6/24
RR-3860693#

**SUMMONS**
CASE NO. CV2024-090855
IN THE SUPERIOR COURT OF THE
STATE OF ARIZONA
IN AND FOR THE COUNTY OF
MARICOPA
Ronnie R Osirio JR
Plaintiff(s),
v.
State of Arizona, et al.
Defendant(s).
To: Ja. Rodriguez
WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.
1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.
2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not have electronic access to the documents in this case.
3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.
Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.
GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA
SIGNED AND SEALED this Date: February 09, 2024
JEFF FINE
Clerk of Superior Court
By: S. ALLEN
Deputy Clerk
Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.
If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org Sponsored by the Maricopa County Bar Association.

# AFFIDAVIT OF PUBLICATION

Reference #:    80196

Notice Type:    CS - CIVIL SUMMONS

Ad Description: JA. RODRIGUEZ CV2024-090855 RONNIE R OSIRIO JR V. STATE OF ARIZONA; ET AL

I, Diane Heuel_____, am authorized by the publisher as agent to make this affidavit. Under oath, I state that the following is true and correct.

THE RECORD REPORTER is a newspaper of general circulation published Monday, Wednesday and Friday except legal holidays, in the County of Maricopa with circulation in Maricopa and Pima Counties, State of Arizona. The copy hereto attached is a true copy of the advertisement as published on the following dates:

10/16/2024, 10/23/2024, 10/30/2024, 11/06/2024

State Of Arizona)
)ss.
County Of Maricopa)

Subscribed and sworn to before me on the 6th day of November, 2024

LEONA J. GIBSON
Notary Public - Arizona
Maricopa Co. / #644827
Expires 04/16/2027

Email



**THE RECORD REPORTER**

~ SINCE 1914 ~

2025 N THIRD ST #155, PHOENIX, AZ 85004-1425
Telephone (602) 417-9900 / Fax (602) 417-9910

Publishing for Maricopa
and Pima Counties

Shawna Cole
J. SCOTT HALVERSON
2173 E. WARNER ROAD SUITE 101
TEMPE, AZ - 85284

CLERK OF THE
SUPERIOR COURT
FILED
O. PEREZ DOMINGUEZ, DEP
24 NOV -6 AM 10: 28

RR# 3860693

# AFFIDAVIT OF PUBLICATION

Reference #:    80196

Notice Type:    CS - CIVIL SUMMONS

Ad Description: JA. RODRIGUEZ CV2024-090855 RONNIE R OSIRIO JR
V. STATE OF ARIZONA; ET AL

I, Diane Heuel_____, am authorized by the publisher as agent to make this affidavit. Under oath, I state that the following is true and correct.

THE RECORD REPORTER is a newspaper of general circulation published Monday, Wednesday and Friday except legal holidays, in the County of Maricopa with circulation in Maricopa and Pima Counties, State of Arizona. The copy hereto attached is a true copy of the advertisement as published on the following dates:

10/16/2024, 10/23/2024, 10/30/2024, 11/06/2024

State Of Arizona)
)ss.
County Of Maricopa)

Subscribed and sworn to before me on the 6th day of November, 2024

LEONA J. GIBSON
Notary Public - Arizona
Maricopa Co. / #644827
Expires 04/15/2027

**SUMMONS**
**CASE NO. CV2024-090855**
IN THE SUPERIOR COURT OF THE
STATE OF ARIZONA
IN AND FOR THE COUNTY OF
MARICOPA
Ronnie R Osirio JR
Plaintiff(s).
v.
State of Arizona, et al.
Defendant(s).
To: Ja. Rodriguez
WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.
1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.
2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.
3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.
Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.
GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA
SIGNED AND SEALED this Date: February 09, 2024
JEFF FINE
Clerk of Superior Court
By: S. ALLEN
Deputy Clerk
Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.
If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org Sponsored by the Maricopa County Bar Association.

A copy of the Summons and Complaint may be obtained by contacting Plaintiff's attorney, J. Scott Halverson, 2173 E. Warner Rd., #101, Tempe, AZ 85284, (480)777-7776
10/16, 10/23, 10/30, 11/6/24
RR-3860693#

Email

*A00006952868*

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
8/27/2024 5:06:31 PM
Filing ID 18413223

ARIZONA ATTORNEY
GENERAL'S OFFICE
Firm State Bar No. 14000

Lucy M. Rand, Ariz. Bar No. 026919
Assistant Attorney General
2005 N. Central Avenue
Phoenix, AZ  85004-1592
Telephone:   (602) 542-1645
Facsimile:   (602) 542-7670
Email:       Lucy.Rand@azag.gov
             DefensePhx@azag.gov

*Attorneys for the State of Arizona*

**ARIZONA SUPERIOR COURT**

**MARICOPA COUNTY**

|  |  |
|---|---|
| RONNIE RAE OSIRIO, JR.,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF ARIZONA; JASON RODRIGUEZ, an individual, and JANE DOE RODRIGUEZ, husband and wife; THE GEO GROUP, INC., a corporation; JOHN DOES I-X, and ABC CORPORATIONS I-X,<br><br>          Defendants. | Case No: CV2024-090855<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>(Assigned to Hon. Jennifer Ryan-Touhill) |

Defendant State of Arizona, through undersigned counsel, answers Plaintiff's Amended Complaint filed on August 13, 2024, as follows:

**JURISDICTION AND PARTIES**

1.      Answering Paragraph 1, Plaintiff does not make any allegations against Defendant.   To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of this Paragraph. Plaintiff is no longer incarcerated in the custody and care of the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR"), as he was released from custody on or about June 9, 2024.  Further, Plaintiff has not provided undersigned counsel his address, as he communicates through his attorney.

#12133735

1    2.      Answering Paragraph 2, Defendant admits.

2    3.      Answering Paragraph 3, Defendant denies that the name of the
3    correctional institution where the alleged incident occurred is Central Arizona
4    Correctional Facility.  The correctional institution where the alleged incident occurred
5    is named Central Arizona Correctional and Rehabilitation Facility ("CACRF") and is
6    physically located at 1401 East Diversion Dam Road, Florence, Arizona, 85132.
7    Defendant lacks knowledge or information sufficient to form a belief about the truth of
8    the remainder of the allegations contained therein.

9    4.      Answering Paragraph 4, Plaintiff does not make any allegations against
10   Defendant.   To the extent this paragraph requires a response, Defendant lacks
11   knowledge or information sufficient to form a belief about the truth of the allegations
12   contained therein.

13   5.      Answering Paragraph 5, Plaintiff does not make any allegations against
14   Defendant.   To the extent this paragraph requires a response, Defendant lacks
15   knowledge or information sufficient to form a belief about the truth of the allegations
16   contained therein.

17   6.      Answering Paragraph 6, Plaintiff does not make any allegations against
18   Defendant.   To the extent this paragraph requires a response, Defendant lacks
19   knowledge or information sufficient to form a belief about the truth of the allegations
20   contained therein.

21   7.      Answering Paragraph 7, Plaintiff does not make any allegations against
22   Defendant.   To the extent this paragraph requires a response, Defendant lacks
23   knowledge or information sufficient to form a belief about the truth of the allegations
24   contained therein.

25   8.      Answering Paragraph 8, Plaintiff does not make any allegations against
26   Defendant.   To the extent this paragraph requires a response, Defendant lacks
27   knowledge or information sufficient to form a belief about the truth of the allegations
28   contained therein.

9.    Answering Paragraph 9, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant only admits that the alleged incident occurred within the State of Arizona.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained therein.

10.    Answering Paragraph 10, Plaintiff does not make any allegations against Defendant.   To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

## **FACTS**

11.    Answering Paragraph 11, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant only admits that Plaintiff was serving a sentence of imprisonment in the custody and care of the State of Arizona and on February 28, 2022, prior to the alleged incident, Plaintiff was housed at CACRF.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained therein.

12.    Answering Paragraph 12, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

13.    Answering Paragraph 13, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

14.    Answering Paragraph 14, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

15.     Answering Paragraph 15, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

16.     Answering Paragraph 16, Plaintiff does not make any allegations against Defendant.  To the extent this paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

17.     Answering Paragraph 17, Defendant only denies that it selected and retained GEO to operate CACRF.   The contract for provision, operation, and management of a secure contracted bed facility was originally entered into by the Arizona Department of Corrections (ADC), now known as the ADCRR, and Correctional Services Corporation ("CSC"), not GEO.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained therein.

18.     Answering Paragraph 18, Defendant only denies that by virtue of the State's contract with GEO the State is vicariously liable for the conduct of GEO and its employees.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained therein.

## COUNT ONE: CIVIL RIGHTS VIOLATION

19.     Answering Paragraph 19, Plaintiff does not assert any allegations against Defendant.   To the extent that a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 18 above, as if they were fully set forth herein.

20.     Answering Paragraphs 20 through 22, Plaintiff does not assert any allegations against Defendant.  To the extent that a response is required to Paragraphs 20 through 22, Defendant denies that the Fourth Amendment pertains to a correctional officer's use of excessive force on an inmate; and, Defendant lacks knowledge or

information sufficient to form a belief about the truth of the remainder of the allegations contained therein.

## COUNT THREE: ASSAULT AND BATTERY

21.     Answering Paragraph 23, Plaintiff does not assert any allegations against Defendant.   To the extent that a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 22 above, as if they were fully set forth herein.

22.     Answering Paragraphs 24 through 26, Plaintiff does not assert any allegations against Defendant.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

23.     Answering Paragraph 27, Defendant only denies that it is vicariously liable for the actions of its employees/agents because under 42 U.S.C. § 1983 there is no vicarious liability or *respondeat superior*.  Plaintiff does not assert allegations against the State in the remainder of the Paragraph.  To the extent the remainder of the Paragraph requires a response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegation(s) contained therein.

## PUNITIVE DAMAGES

24.     Answering Paragraph 28, Plaintiff does not assert any allegations against Defendant.   To the extent that a response is required, Defendant incorporates by reference its responses to Paragraphs 1 through 27 above, as if they were fully set forth therein.

25.     Answering Paragraphs 29-33, Plaintiff does not assert any allegations against Defendant.   To the extent that a response is required to these paragraphs, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

## DAMAGES

26.    Answering this section contained on page 6, Defendant denies the allegations contained therein.  Defendant specifically denies that Plaintiff is entitled to any relief whatsoever, including general damages, economic losses, punitive damages, pre-judgment interest, taxable costs, litigation expenses, attorneys' fees, or any other relief.

## GENERAL DEFENSES

27.    Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

28.    Defendant denies that it has denied Plaintiff any right protected by the United States Constitution, the United States Code, or any state constitutions or laws.

29.    An award or settlement may be subject to set off for the costs of incarceration pursuant to A.R.S. § 31-238 or set off for restitution pursuant to A.R.S. §§ 31-238(D) and (E) and 31-201.01(E).

## AFFIRMATIVE DEFENSES

30.    The Amended Complaint fails to state a claim upon which relief can be granted.

31.    Defendant affirmatively raises the defense of Eleventh Amendment Immunity.

32.    Plaintiff failed to file a Notice of Claim regarding his state law claims of assault and battery, for which Plaintiff alleges Defendant is vicariously liable.

33.    There is no *respondeat superior* against Defendant under 42 U.S.C. § 1983.

34.    Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), therefore warranting dismissal of the case.

35.    Plaintiff's claims are barred by the statute of limitations.

36.    Defendant affirmatively raises the defense of failure to mitigate damages.

37.    Defendant affirmatively raises the defenses of comparative and contributory negligence.

38.    The injuries and damages alleged in the Amended Complaint were proximately caused by the acts or the omissions of Plaintiff, other defendants, third persons or entities, and/or other non-parties at fault for which Defendant is not liable.

39.    In order to avoid waiver, Defendant asserts the following defenses, should discovery reveal these defenses are appropriate, specifically, the affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12.

40.    Defendant reserves its right to amend its affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for the same.

## **GENERAL DEMAND**

41.    Defendant denies any and all allegations set forth in Plaintiff's Amended Complaint which are not specifically admitted herein.

## **JURY DEMAND**

42.    Defendant demands a trial by jury of all triable issues.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant prays for judgment against Plaintiff as follows:

1.    Dismiss the Amended Complaint and all claims against Defendant with prejudice;

2.    Award Defendant such other and further relief as the Court deems just and reasonable under the circumstances.

Respectfully submitted this 27th day of August, 2024.

**ARIZONA ATTORNEY GENERAL'S OFFICE**


/s/ Lucy M. Rand
Lucy M. Rand
Assistant Attorney General
*Attorneys for the State of Arizona*

#12133735                            7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.  This document and the Notice of Electronic Filing were electronically served on each attorney of record.

A copy of this document was MAILED on August 28, 2024 to:

Hon. Jennifer Ryan-Touhill
Maricopa County Superior Court
East Court Building-414
101 W. Jefferson St.
Phoenix, AZ  85003


/s/ T. Izelo
Sr. Paralegal to Lucy Rand

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
8/13/2024 6:37:45 AM
Filing ID 18323005

1   J. Scott Halverson, SBN 10629
2   LAW OFFICES OF J. SCOTT HALVERSON, P.C.
    2173 E. Warner Road, Suite 101
3   Tempe, Arizona 85284
    Telephone (480) 777-7776
4   Facsimile: (602) 357-7444
    Email: scott@halversonfirm.com
5

6   Attorney for Plaintiff

7         **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

8           **IN AND FOR THE COUNTY OF MARICOPA**

9   RONNIE RAE OSIRIO, JR.,                   No. CV2024-090855

10                        Plaintiff,          **AMENDED COMPLAINT**

11  vs.

12  STATE OF ARIZONA; JASON                  **(The Honorable Jennifer Ryan-Touhill)**
    RODRIGUEZ, an individual, and JANE
13  DOE RODRIGUEZ, husband and wife; THE
    GEO GROUP, INC., a corporation; JOHN
14  DOES I-X, and ABC CORPORATIONS I-
    X,
15
16
                          Defendants.
17

18          Plaintiff Ronnie Rae Osirio, for his Amended Complaint against Defendants, alleges as

19  follows:

20                        **JURISDICTION AND PARTIES**

21
22      1.      Plaintiff Ronnie Osirio currently resides in Maricopa County, Arizona.

23      2.      The State of Arizona is one of the states of the United States of America.

24
25

3.     Upon information and belief Defendant Jason Rodriguez was, at all times relevant to this complaint, employed as a correctional officer by the GEO Group, Inc. at the Central Arizona Correctional Facility, located at 1401 E. Diversion Dam Road, Florence, AZ.

4.     At all relevant times, Defendant Rodriguez acted under color of law to cause events to occur out of which this cause of action arises.

5.     Upon information and belief, Jason Rodriguez and Jane Doe Rodriguez, are and were husband and wife, at all times material hereto and were acting on behalf of their marital community.

6.     Defendant Jane Doe Rodriguez is a fictitious name for the spouse of Defendant Jason Rodriguez and Plaintiff will amend the Complaint when her true and correct name is ascertained.

7.     Defendant The GEO Group, Inc. ("GEO") is a corporation doing business as a correctional facility in the State of Arizona, with its headquarters in Boca Raton, Florida, and employed Defendant Rodriguez at all relevant times.

8.     The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants John Does I-X, and ABC Corporations I-X, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

9.     The amount in controversy exceeds the minimal amount necessary for this Court's jurisdiction and the subject incident occurred within the State of Arizona.

10. The estimated value of the damages in this case is between $50,000 and $300,000, so this case qualifies as a Tier 2 case, pursuant to Rule 26.2(d)(1), Arizona Rules of Civil Procedure.

## **FACTS**

11. On February 28, 2022, Plaintiff Osirio was in the custody of the State of Arizona and imprisoned in the Central Arizona Correctional Facility ("CACF"), located at 1401 E. Diversion Dam Road, Florence, Arizona.

12. Defendant Rodriguez physically accosted Plaintiff by tackling Plaintiff onto the bed in his cell and punching Plaintiff repeatedly in the face.

13. Defendant Rodriguez also pulled Plaintiff off of the bed, pushed him against a wall and resumed punching Plaintiff.

14. Plaintiff dropped to the floor, but Defendant Rodriguez continued to punch him and then began kicking him multiple times.

15. As a result of this violent beating, Plaintiff suffered physical injuries and psychological trauma.

16. At the time of this incident, Mr. Rodriguez was an employee of GEO.

17. The State had selected and retained GEO to operate CACF as a private prison to incarcerate individuals (such as Plaintiff) who had been sentenced to prison in the custody of the State of Arizona.

18. By virtue of its contract with GEO, the State of Arizona has an agency relationship with GEO, so the State is vicariously liable for the conduct of GEO and its employees.

- 3 -

## COUNT ONE:   CIVIL RIGHTS VIOLATION

19.    Plaintiff re-asserts all previous allegations in as part of this Count.

20.    Defendant Rodriguez intentionally used excessive and unreasonable force against Plaintiff in violation of Plaintiff's Fourth Amendment rights to be free from unreasonable use of force, as well as Plaintiff's federal civil rights, as codified in 42 U.S.C. § 1983.

21.    The violations of Plaintiff's rights, guaranteed under the United States Constitution and 42 U.S.C. § 1983, committed by Defendant Rodriguez proximately caused Plaintiff to suffer significant physical injuries, psychological trauma, and other damages.

22.    Defendant Rodriguez' use of excessive and unreasonable force was done intentionally and in reckless disregard of Plaintiff's constitutional rights, so punitive damages are warranted and should be determined by a jury to deter and prevent Defendant and others from acting in a similar manner in the future.

## COUNT THREE:   ASSAULT AND BATTERY

23.    Plaintiff re-asserts all previous allegations as part of this Count.

24.    Defendant Rodriguez intentionally hit, kicked, forcibly restrained, and otherwise physically accosted Plaintiff while Defendant Rodriguez was acting within the course and scope of his employment by GEO as a prison guard or corrections officer.

25.    The intentional and violent physical force which Defendant Rodriguez inflicted upon Plaintiff constituted offensive physical contacts.

- 4 -

26.     The intentional and violent physical force which Defendant Rodriguez inflicted upon Plaintiff directly and proximately caused Plaintiff to suffer injuries and other damages, including pain, suffering, psychological trauma, medical expenses, and/or economic loss, all in an amount to be determined at trial.

27.     Defendants GEO and the State are vicariously liable for the actions of their employees/agents, pursuant to the principle of *Respondeat Superior*.

## **PUNITIVE DAMAGES**

28.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

29.     The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, entitles Plaintiff to punitive damages against Defendants Rodriguez and GEO because the acts of Defendant Rodriguez manifest such reckless and complete indifference to, and a conscious disregard for, the safety of others.

30.     Defendant Rodriguez knew, or should have known, of the high probability that his violent physical force against Plaintiff, as described above, would cause Plaintiff injury, yet Defendant Rodriguez intentionally and recklessly failed to consider this risk of injury and proceeded to inflict such force on Plaintiff.

31.     The actions of Defendant Rodriguez, as described above, were the result of his consciously disregarding the substantial risk that his conduct might significantly injure Plaintiff, such that punitive or exemplary damages are warranted to punish and deter Defendant Rodriguez and others from similar misconduct in the future.

32.     The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, entitles Plaintiff to punitive damages against Defendants

Rodriguez and GEO because Defendant Rodriguez's acts manifest such reckless and complete indifference to, and a conscious disregard for, the safety of Plaintiff.

33.    The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, occurred at Defendant GEO's correctional facility and Defendant Rodriguez was an employee/agent of Defendant GEO and was working as a prison guard or correctional officer for Defendant GEO at the time of the subject incident, so Defendant GEO is vicariously liable for the violent acts of Defendant Rodriguez, as well as the punitive damages which are warranted.

## **DAMAGES**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a.    For general damages and economic losses already incurred, and to be incurred in the future, in an amount reasonable and proper in the premises;

b.    For punitive damages;

c.    For pre-judgment interest on all liquidated damages;

d.    For taxable costs and litigation expenses;

e.    For attorney's fees, pursuant to 42 U.S.C. § 1988.

f.    For any other damages or remedies that are just and reasonable under the circumstances.

DATED:  August 13, 2024

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**


By:    / s /   *J. Scott Halverson*
J. SCOTT HALVERSON
ATTORNEY FOR PLAINTIFF

- 6 -

Original of the foregoing
e-filed and COPY emailed
this date: August 13, 2024, to:

Lucy M. Rand
OFFICE OF THE ATTORNEY GENERAL
2005 N. Central Avenue
Phoenix, AZ  85004-1592
Attorney for Defendant State of Arizona

Pari K. Scroggin
GRASSO LAW FIRM P.C.
2250 E. Germann Road Suite 10
Chandler AZ  85286
Attorney for Defendants Geo Group and Rodriguez


By: _/ s /   S. Cole, paralegal_____

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
7/17/2024 8:07:31 AM
Filing ID 18164619

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR.,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA,<br><br>               Defendants. | No. CV2024-090855<br><br>**AFFIDAVIT OF PROPRIETY AND COMPLETION OF SERVICE BY PUBLICATION** |

J. SCOTT HALVERSON, being duly sworn, upon oath, deposes and states as follows:

1.     I am counsel for Plaintiff in this action and submit this Affidavit to demonstrate the circumstances warranting the utilization of the alternative method for service of process authorized by Rule 4(e)(3), *Arizona Rules of Civil Procedure*, and to establish the completion of such service.

2.     Multiple diligent attempts were made to serve Defendant Jason Rodriguez at his last known address and to locate his current whereabouts. (*See* Certificates of Non-Service of Process filed previously with the Court.)  Accordingly, this is one of the cases in which Rule 4.2(e) authorizes service of process by means of publication.

3.     Thereafter, as is evidenced by the Affidavit of Publication which is attached hereto, I caused a Summons and a statement as to the method by which a copy of the Complaint

could be obtained, to be published in the Record Report, a newspaper regularly published in this County, on the following dates: 06/21/2024, 06/26/2024, 07/05/2024, and 07/12/2024, which is at least once a week for four successive weeks.

DATED: July 17, 2024

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**

By: / s / *J. Scott Halverson*

J. SCOTT HALVERSON
ATTORNEY FOR PLAINTIFF

ORIGINAL of the foregoing
efiled and COPY emailed this
date: July 17, 2024, to:

Lucy M. Rand
OFFICE OF THE ATTORNEY GENERAL
2005 N. Central Avenue
Phoenix, AZ 85004-1592
Attorney for Defendant State of Arizona

Pari K. Scroggin
GRASSO LAW FIRM P.C.
2250 E. Germann Road Suite 10
Chandler AZ 85286
Attorney for Defendants Geo Group & Rodriguez

By: / s / S. Cole, paralegal

- 2 -

**THE RECORD REPORTER**

~ SINCE 1914 ~

2025 N THIRD ST #155, PHOENIX, AZ 85004-1425
Telephone (602) 417-9900 / Fax (602) 417-9910

Publishing for Maricopa
and Pima Counties

Shawna Cole
J. SCOTT HALVERSON
2173 E. WARNER ROAD SUITE 101
TEMPE, AZ - 85284

# AFFIDAVIT OF PUBLICATION

Reference #:    78262

Notice Type:    CS - CIVIL SUMMONS

Ad Description: JA. RODRIGUEZ CV2024-090855 RONNIE R OSIRIO JR
V. STATE OF ARIZONA; ET AL

I, Diane Heuel _____, am authorized by the publisher as agent to make this affidavit. Under oath, I state that the following is true and correct.

THE RECORD REPORTER is a newspaper of general circulation published Monday, Wednesday and Friday except legal holidays, in the County of Maricopa with circulation in Maricopa and Pima Counties, State of Arizona. The copy hereto attached is a true copy of the advertisement as published on the following dates:

06/21/2024, 06/28/2024, 07/05/2024, 07/12/2024

State Of Arizona)
)ss.
County Of Maricopa)

Subscribed and sworn to before me on the 12th day of July, 2024

**LEONA J. GIBSON**
**Notary Public - Arizona**
**Maricopa Co. / #644827**
**Expires 04/15/2027**

RR# 3825088

**SUMMONS**
**CASE NO. CV2024-090855**
IN THE SUPERIOR COURT OF THE
STATE OF ARIZONA
IN AND FOR THE COUNTY OF
MARICOPA
Ronnie R Osirio JR
Plaintiff(s),
v.
State of Arizona, et al.
Defendant(s).
To: Ja. Rodriguez
WARNING: THIS AN OFFICIAL
DOCUMENT FROM THE COURT
THAT AFFECTS YOUR RIGHTS.
READ THIS SUMMONS
CAREFULLY. IF YOU DO NOT
UNDERSTAND IT, CONTACT AN
ATTORNEY FOR LEGAL ADVICE.
1. A lawsuit has been filed against
you. A copy of the lawsuit and other
court papers were served on you with
this Summons.
2. If you do not want a judgment taken
against you without your input, you
must file an Answer in writing with the
Court, and you must pay the required
filing fee. To file your Answer, take or
send the papers to Clerk of the
Superior Court, 201 W. Jefferson,
Phoenix, Arizona 85003 or
electronically file your Answer through
one of Arizona's approved electronic
filing systems at
http://www.azcourts.gov/efilinginforma
tion. Mail a copy of the Answer to the
other party, the Plaintiff, at the
address listed on the top of this
Summons. Note: if you do not file
electronically you will not have
electronic access to the documents in
this case.
3. If this Summons and the other court
papers were served on you within the
State of Arizona, your Answer must
be filed within TWENTY (20)
CALENDAR DAYS from the date of
service, not counting the day of
service. If this Summons and the
other court papers were served on
you outside the State of Arizona, your
Answer must be filed within THIRTY
(30) CALENDAR DAYS from the date
of service, not counting the day of
service.
Requests for reasonable
accommodation for persons with
disabilities must be made to the court
by parties at least 3 working days in
advance of a scheduled court
proceeding.
GIVEN under my hand and the Seal
of the Superior Court of the State of
Arizona in and for the County of
MARICOPA
SIGNED AND SEALED this Date:
February 09, 2024
JEFF FINE
Clerk of Superior Court
By: S. ALLEN
Deputy Clerk
Requests for an interpreter for
persons with limited English
proficiency must be made to the
division assigned to the case by the
party needing the interpreter and/or
translator or his/her counsel at least
ten (10) judicial days in advance of a
scheduled court proceeding.
If you would like legal advice from a
lawyer, contact Lawyer Referral
Service at 602-257-4434 or
https://maricopabar.org Sponsored by
the Maricopa County Bar Association.

A copy of the Summons and
Complaint may be obtained by
contacting Plaintiff's attorney, J. Scott
Halverson, 2173 E. Warner Rd., #101,
Tempe, AZ 85284, (480)777-7776
6/21, 6/28, 7/5, 7/12/24
RR-3825088#

Email

**T H E   R E C O R D   R E P O R T E R**

~ SINCE 1914 ~

2025 N THIRD ST #155, PHOENIX, AZ 85004-1425
Telephone (602) 417-9900 / Fax (602) 417-9910

Publishing for Maricopa
and Pima Counties

CLERK OF THE
SUPERIOR COURT
FILED
L. RAMIREZ, DEP
24 JUL 12 AM II: 13

Shawna Cole
J. SCOTT HALVERSON
2173 E. WARNER ROAD SUITE 101
TEMPE, AZ - 85284

RR# 3825088

# AFFIDAVIT OF PUBLICATION

Reference #:   78262

Notice Type:   CS - CIVIL SUMMONS

Ad Description:   JA. RODRIGUEZ CV2024-090855 RONNIE R OSIRIO JR
V. STATE OF ARIZONA; ET AL

I, Diane Heuel _____, am authorized by the publisher as agent to make this affidavit. Under oath, I state that the following is true and correct.

THE RECORD REPORTER is a newspaper of general circulation published Monday, Wednesday and Friday except legal holidays, in the County of Maricopa with circulation in Maricopa and Pima Counties, State of Arizona. The copy hereto attached is a true copy of the advertisement as published on the following dates:

06/21/2024, 06/28/2024, 07/05/2024, 07/12/2024

State Of Arizona)
)ss.
County Of Maricopa)

Subscribed and sworn to before me on the 12th day of July, 2024

**LEONA J. GIBSON**
**Notary Public - Arizona**
**Maricopa Co. / #644827**
**Expires 04/15/2027**

SUMMONS
CASE NO. CV2024-090855
IN THE SUPERIOR COURT OF THE
STATE OF ARIZONA
IN AND FOR THE COUNTY OF
MARICOPA
Ronnie R Osirio JR
Plaintiff(s),
v.
State of Arizona, et al.
Defendant(s).
To: Ja Rodriguez
WARNING: THIS AN OFFICIAL
DOCUMENT FROM THE COURT
THAT AFFECTS YOUR RIGHTS.
READ THIS SUMMONS
CAREFULLY. IF YOU DO NOT
UNDERSTAND IT, CONTACT AN
ATTORNEY FOR LEGAL ADVICE.
1. A lawsuit has been filed against
you. A copy of the lawsuit and other
court papers were served on you with
this Summons.
2. If you do not want a judgment taken
against you without your input, you
must file an Answer in writing with the
Court, and you must pay the required
filing fee. To file your Answer, take or
send the papers to Clerk of the
Superior Court, 201 W. Jefferson,
Phoenix, Arizona 85003 or
electronically file your Answer through
one of Arizona's approved electronic
filing systems at
http://www.azcourts.gov/efilinginforma
tion. Mail a copy of the Answer to the
other party, the Plaintiff, at the
address listed on the top of this
Summons. Note: If you do not file
electronically you will not have
electronic access to the documents in
this case.
3. If this Summons and the other court
papers were served on you within the
State of Arizona, your Answer must
be filed within TWENTY (20)
CALENDAR DAYS from the date of
service, not counting the day of
service. If this Summons and the
other court papers were served on
you outside the State of Arizona, your
Answer must be filed within THIRTY
(30) CALENDAR DAYS from the day
of service, not counting the day of
service.
Requests for reasonable
accommodation for persons with
disabilities must be made to the court
by parties at least 3 working days in
advance of a scheduled court
proceeding.
GIVEN under my hand and the Seal
of the Superior Court of the State of
Arizona in and for the County of
MARICOPA
SIGNED AND SEALED this Date:
February 09, 2024
JEFF FINE
Clerk of Superior Court
By: S. ALLEN
Deputy Clerk
Requests for an interpreter for
persons with limited English
proficiency must be made to the
division assigned to the case by the
party needing the interpreter and/or
translator or his/her counsel at least
ten (10) judicial days in advance of a
scheduled court proceeding.
If you would like legal advice from a
lawyer, contact Lawyer Referral
Service at 602-257-4434 or
https://maricopabar.org Sponsored by
the Maricopa County Bar Association.

A copy of the Summons and
Complaint may be obtained by
contacting Plaintiff's attorney, J. Scott
Halverson, 2173 E. Warner Rd., #101,
Tempe, AZ 85284, (480)777-7776
6/21, 6/28, 7/5, 7/12/24
RR-3825088#

Email

* A 0 0 0 0 6 8 1 4 4 2 7 *

Clerk of the Superior Court
*** Electronically Filed ***
06/27/2024 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2024-090855                                          06/25/2024


                                              CLERK OF THE COURT
HONORABLE JENNIFER RYAN-TOUHILL                    A. Meza
                                                   Deputy


RONNIE RAE OSIRIO JR.                    J SCOTT HALVERSON

v.

STATE OF ARIZONA, et al.                 LUCY MARIE RAND


                                         GEO GROUP INC, THE
                                         NO ADDRESS ON RECORD
                                         J A RODRIGUEZ
                                         NO ADDRESS ON RECORD
                                         JUDGE RYAN-TOUHILL


                         MINUTE ENTRY


       Before the Court and fully briefed is Defendant State of Arizona's March 25, 2024, *Motion to Dismiss or, in the Alternative, for a More Definite Statement*.

       **IT IS ORDERED** denying Defendant State of Arizona's motion to dismiss pursuant to Rule 12(b)(6) for failure to submit a Rule 7.1(h) good faith consultation certificate with the *Motion*.

       **IT IS FURTHER ORDERED** granting Defendant State of Arizona's request for more definite statement pursuant to Rule 12(e), Ariz. R. Civ. P.

J.Scott Halverson
J. Scott Halverson, P.C.
2173 E. Warner Road
Suite 101
Tempe, AZ 85284
(480) 777-7776
Bar No. 10629

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #3
NIGHT DEPOSITORY

24 JUN 17 PM 12: 41

FILED
BY _Jcoolidge_ DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| **Ronnie Rae Osirio, Jr.,** | | Case Number: CV2024-090855 |
| | Plaintiff, | **AFFIDAVIT OF NON-SERVICE** |
| vs. | | |
| **State of Arizona, et al.,** | | |
| | Defendant. | |

Received by Southwest Delivery Solutions Inc. on the 13th day of May, 2024 at 1:14 pm to be served on **Jane Doe Rodriguez, 135 N Palo Verde Dr, #8, Apache Junction, AZ**.

I, Joyce Verdugo, being duly sworn, depose and say that on the **15th day of June, 2024** at **1:22 pm, I:**

**NON-SERVED** the **Summons, Complaint & Certificate of Compulsory Arbitration** for the reason that I failed to find **Jane Doe Rodriguez** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
5/13/2024  7:22 pm  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: no answer
5/15/2024  6:41 pm  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: no answer
5/18/2024  9:52 am  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: no answer
5/19/2024  6:14 pm  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: A female from a unit below started that she wasn't home. I asked who wasn't home and she stated Natalie wasn't home, asked about Jason and she stated he moved out a year ago
5/23/2024  6:40 pm  Attempted Address: 586 E Tropical Dr Casa Grande, AZ: no answer
5/25/2024  9:00 am  Attempted Address: 586 E Tropical Dr Casa Grande, AZ: no answer
5/27/2024  3:44 pm  Attempted Address: 586 E Tropical Dr Casa Grande, AZ: doesn't live here moved out couple weeks ago

**Service Fee Items:**
Notary Fee       $8.00
Total              $8.00

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 15th day of June, 2024 by the affiant who is personally known to me.

_Joyce Verdugo_
**Joyce Verdugo**
Process Server

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 660659
Expires: July 7, 2028
Maricopa County

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 6253**
**Glendale, AZ 85312**
**(602) 266-5577**

Our Job Serial Number: STW-2024000418
Ref: Ronnie Osirio

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

CLERK OF THE
SUPERIOR COURT
RECEIVED DEC #3
NIGHT DEPOSITORY

24 JUN 17 PM 12: 41

FILED
BY *Koolidy*    DEP

J.Scott Halverson
J. Scott Halverson, P.C.
2173 E. Warner Road
Suite 101
Tempe, AZ 85284
(480) 777-7776
Bar No. 10629

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

Ronnie Rae Osirio, Jr.,

Plaintiff,

vs.

State of Arizona, et al.,

Defendant.

Case Number: CV2024-090855

**AFFIDAVIT OF NON-SERVICE**

Received by Southwest Delivery Solutions Inc. on the 13th day of May, 2024 at 1:10 pm to be served on **Jason Rodriguez, 135 N Palo Verde Dr, #8, Apache Junction, AZ**.

I, Joyce Verdugo, being duly sworn, depose and say that on the **15th day of June, 2024** at **1:22 pm, I:**

**NON-SERVED** the **Summons, Complaint & Certificate of Compulsory Arbitration** for the reason that I failed to find **Jason Rodriguez** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
5/13/2024  7:22 pm  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: no answer
5/15/2024  6:41 pm  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: no answer
5/18/2024  9:52 am  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: no answer
5/19/2024  6:14 pm  Attempted Address: 135 N Palo Verde Dr #8 Apache Junction, AZ: A female from a unit below started that she wasn't home. I asked who wasn't home and she stated Natalie wasn't home, asked about Jason and she stated he moved out a year ago
5/23/2024  6:40 pm  Attempted Address: 586 E Tropical Dr Casa Grande, AZ: no answer
5/25/2024  9:00 am  Attempted Address: 586 E Tropical Dr Casa Grande, AZ: no answer
5/27/2024  3:44 pm  Attempted Address: 586 E Tropical Dr Casa Grande, AZ: doesn't live here moved out couple weeks ago

**Service Fee Items:**
Mileage        $515.20
Notary Fee    $8.00
Total           $523.20

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 15th day of June, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 660659
Expires: July 7, 2028
Maricopa County

Joyce Verdugo
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 6253
Glendale, AZ 85312
(602) 266-5577

Our Job Serial Number: STW-2024000417
Ref: Ronnie Osirio

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
6/14/2024 4:51:53 PM
Filing ID 17998736

1   KRISTIN K. MAYES
    ATTORNEY GENERAL
2   Firm State Bar No. 14000

3   Lucy M. Rand, Ariz. Bar No. 026919
    Assistant Attorney General
4   2005 N. Central Avenue
    Phoenix, AZ  85004-1592
5   Telephone:   (602) 542-1645
    Facsimile:   (602) 542-7670
6   Email:      Lucy.Rand@azag.gov
                DefensePhx@azag.gov
7

8   *Attorneys for State of Arizona*

9                   **ARIZONA SUPERIOR COURT**

10                   **MARICOPA COUNTY**

11  RONNIE RAE OSIRIO, JR.,

12          Plaintiff,                    Case No: CV2024-090855

13  v.                                    **REPLY TO MOTION TO DISMISS
                                          OR, IN THE ALTERNATIVE, FOR A
                                          MORE DEFINITE STATEMENT**
14  STATE OF ARIZONA; JA
    RODRIGUEZ, an individual, and JANE
15  DOE RODRIGUEZ, husband and wife;      (Assigned to the Hon. Rodrick Coffey)
    THE GEO GROUP, INC., a corporation;
16  JOHN DOES I-X, and ABC
    CORPORATIONS I-X,
17
            Defendants.
18

19          Pursuant to Arizona Rule of Civil Procedure 12(b)(6), Defendant the State of

20  Arizona, through undersigned counsel, respectfully requests that the Court direct

21  Plaintiff to provide a more definite statement regarding his Monell claim against the

22  State in an amended complaint.

23          It appears from Plaintiff's filing that he agrees to file an amended complaint

24  providing a more definite statement as to his claim against the State of Arizona regarding

25  his *Monell* claim, as stated in his Response and shown in Exhibit 1 to his Response.

26  (Response at 4.)  Plaintiff admits that he mistakenly included Defendant "Penzone" in

27  the Complaint.  (Response at 3.)  Although Plaintiff makes no statement about the

28  inclusion of the "Police John Doe Supervisors," Plaintiff's Exhibit 1 shows the removal

    #12090458

of this party from the revised Complaint.  (Response, Exhibit 1 at 4.)  The Court should grant Defendant's motion provided that Plaintiff files the amended complaint.

Respectfully submitted this <u>14th</u> day of June, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


<u>/s/ Lucy M. Rand</u>
Lucy M. Rand
Assistant Attorney General
*Attorneys for State of Arizona*


## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.  This document and the Notice of Electronic Filing were electronically served on each attorney of record.

A copy of this document was also MAILED the 17th day of June, 2024, to:

Hon. Rodrick Coffey
Maricopa County Superior Court
Southeast Court (SE)
222 E. Javelina Ave.
Mesa, AZ  85210-6234

<u>/s/ T. Izelo</u>
Sr. Paralegal to Lucy Rand

**Granted as Submitted**
\*\*\*See eSignature page\*\*\*

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
E. Wolf, Deputy
6/6/2024 8:00:00 AM
Filing ID 17939409

1
2
3
4
5
6
7
8

# ARIZONA SUPERIOR COURT

## COUNTY OF MARICOPA

9  RONNIE RAE OSIRIO, JR.,

10            Plaintiff,

11  v.

12  STATE OF ARIZONA; et al.,

13            Defendants.

Case No: CV2024-090855

**ORDER**

(Assigned to Judge Jennifer Ryan-Touhill)

14      The Court having considered Defendant State of Arizona's Motion for an Extension

15  of Time for Defendant State of Arizona to File a Reply to Its Motion to Dismiss, or in the

16  Alternative, for a More Definite Statement, filed May 29, 2024,

17      IT IS HEREBY ORDERED that the Court grants the motion for good cause

18  appearing;

19      IT IS HEREBY ORDERED extending the time for Defendant State of Arizona to

20  reply to its Motion to Dismiss, or in the Alternative, for a More Definite Statement by and

21  including June 14, 2024.

22      DATED this _____ day of _____, 2024.

23

24                                          _____

25                                          Judge Jennifer Ryan-Touhill

26

27

28

#12093065

# eSignature Page 1 of 1

Filing ID: 17939409   Case Number: CV2024-090855
Original Filing ID: 17901243

_____

**Granted as Submitted**



/S/ Jennifer Ryan-Touhill Date: 6/5/2024
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2024-090855                SIGNATURE DATE: 6/5/2024

E-FILING ID #: 17939409                       FILED DATE: 6/6/2024 8:00:00 AM


J SCOTT HALVERSON


LUCY MARIE RAND


GEO GROUP INC, THE
NO ADDRESS ON RECORD


J A RODRIGUEZ
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
5/29/2024 5:36:34 PM
Filing ID 17901243

1  KRISTIN K. MAYES
   ATTORNEY GENERAL
2  Firm State Bar No. 14000

3  Lucy M. Rand, Ariz. Bar No. 026919
   Assistant Attorney General
4  2005 N. Central Avenue
   Phoenix, AZ  85004-1592
5  Telephone:    (602) 542-1645
   Facsimile:    (602) 542-7670
6  Email:    Lucy.Rand@azag.gov
             DefensePhx@azag.gov
7

8  *Attorneys for State of Arizona*

9               **ARIZONA SUPERIOR COURT**

10              **MARICOPA COUNTY**

11  RONNIE RAE OSIRIO, JR.,

12              Plaintiff,                    Case No: CV2024-090855

13  v.                                        **MOTION FOR EXTENSION OF**
                                              **TIME FOR DEFENDANT STATE OF**
14  STATE OF ARIZONA; JA                      **ARIZONA TO FILE A REPLY TO ITS**
    RODRIGUEZ, an individual, and JANE        **MOTION TO DISMISS OR, IN THE**
15  DOE RODRIGUEZ, husband and wife;          **ALTERNATIVE, FOR A MORE**
    THE GEO GROUP, INC., a corporation;       **DEFINITE STATEMENT**
16  JOHN DOES I-X, and ABC
    CORPORATIONS I-X,                         (Assigned to Judge Jennifer Ryan-Touhill)
17
                Defendants.
18

19          Defendant, the State of Arizona, through undersigned counsel, moves to extend

20  the deadline for the State Defendant to reply in support of their Motion to Dismiss or, in

21  the Alternative, for a More Definite Statement to and including June 14, 2024.

22          Defense counsel was out sick on May 28, 2024.  On May 29, 2024, defense

23  counsel attempted to confer with Mr. Halverson, but was unable to reach him, as he is

24  out of the office for the entire week of May 27th.  Defendant requests an extension until

25  June 14, 2024, because she has a motion for summary judgment due in another case on

26  June 7, and the judge in that case has stated that he will not extend the deadline for the

27  motion.  Plaintiff will not be prejudiced because no other defendants have appeared.

28

#12093057

Respectfully submitted this <u>29th</u> day of May, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


<u>/s/ Lucy M. Rand</u>
Lucy M. Rand
Assistant Attorney General
*Attorneys for State of Arizona*


## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.  This document and the Notice of Electronic Filing were electronically served on each attorney of record.

A copy of this document was also MAILED the 30th day of May, 2024, to:

Hon. Jennifer Ryan-Touhill
Maricopa County Superior Court
East Court Building-414
101 W. Jefferson St.
Phoenix, AZ  85003


<u>/s/ T. Izelo</u>
Sr. Paralegal to Lucy Rand

#12093057                                    2

Clerk of the Superior Court
*** Electronically Filed ***
A. Meza, Deputy
5/24/2024 8:00:00 AM
Filing ID 17872706

**ARIZONA SUPERIOR COURT**

**COUNTY OF MARICOPA**

RONNIE RAE OSIRIO, JR.,

      Plaintiff,

v.

STATE OF ARIZONA; et al.,

      Defendants.

Case No: CV2024-090855

**ORDER**

(Assigned to Judge Jennifer Ryan-Touhill)

    The Court having considered the parties' Stipulation for an Extension of Time to for Defendant State of Arizona to File a Reply to Its Motion to Dismiss, or in the Alternative, for a More Definite Statement, filed May 20, 2024,

    IT IS HEREBY ORDERED that the Court grants the motion for good cause appearing;

    IT IS HEREBY ORDERED extending the time for Defendant State of Arizona to reply to its Motion to Dismiss, or in the Alternative, for a More Definite Statement by and including May 29, 2024.

    DATED this _____ day of May, 2024.


_____

Judge Jennifer Ryan-Touhill

#12089245

# eSignature Page 1 of 1

Filing ID: 17872706   Case Number: CV2024-090855
Original Filing ID: 17851807

_____

**Granted with Modifications**



/S/ Jennifer Ryan-Touhill Date: 5/23/2024
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2024-090855                    SIGNATURE DATE: 5/23/2024

E-FILING ID #: 17872706                              FILED DATE: 5/24/2024 8:00:00 AM


J SCOTT HALVERSON


LUCY MARIE RAND


GEO GROUP INC, THE
NO ADDRESS ON RECORD


J A RODRIGUEZ
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
5/20/2024 4:53:03 PM
Filing ID 17851807

1  KRISTIN K. MAYES
   ATTORNEY GENERAL
2  Firm State Bar No. 14000

3  Lucy M. Rand, Ariz. Bar No. 026919
   Assistant Attorney General
4  2005 N. Central Avenue
   Phoenix, AZ 85004-1592
5  Telephone:  (602) 542-1645
   Facsimile:  (602) 542-7670
6  Email:    Lucy.Rand@azag.gov
              DefensePhx@azag.gov
7

8  *Attorneys for State of Arizona*

9              **ARIZONA SUPERIOR COURT**

10                **MARICOPA COUNTY**

11  RONNIE RAE OSIRIO, JR.,

12            Plaintiff,

13  v.

14  STATE OF ARIZONA; JA
    RODRIGUEZ, an individual, and JANE
15  DOE RODRIGUEZ, husband and wife;
    THE GEO GROUP, INC., a corporation;
16  JOHN DOES I-X, and ABC
    CORPORATIONS I-X,

17            Defendants.

18

Case No: CV2024-090855

**STIPULATION FOR AN EXTENSION OF TIME FOR DEFENDANT STATE OF ARIZONA TO FILE A REPLY TO ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

(Assigned to the Hon. Rodrick Coffey)

19        The parties, through their respective undersigned counsel, hereby stipulate to

20  extend the deadline for the State Defendant to reply in support of their Motion to

21  Dismiss or, in the Alternative, for a More Definite Statement to and including May 29,

22  2024.  AZ ST SUPER CT Rule 2.14.

23        Respectfully submitted this 20th day of May, 2024.

24                        **KRISTIN K. MAYES**
                          **ATTORNEY GENERAL**
25

26

27                        /s/ Lucy M. Rand
                          Lucy M. Rand
28                        Assistant Attorney General
                          *Attorneys for State of Arizona*

#12089231

**LAW OFFICES OF J. SCOTT HALVERSON P.C.**


/s/ J. Scott Halverson
J. Scott Halverson (SBN 10629)
2173 E. Warner Road, Suite 101
Tempe, Arizona  85284
(480) 777-7776
scott@halversonfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.  This document and the Notice of Electronic Filing were electronically served on each attorney of record.

A copy of this document was also MAILED the 21st day of May, 2024, to:

Hon. Rodrick Coffey
Maricopa County Superior Court
Southeast Court (SE)
222 E. Javelina Ave.
Mesa, AZ  85210-6234

/s/ T. Izelo
Sr. Paralegal to Lucy Rand

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
5/13/2024 12:10:50 PM
Filing ID 17808886

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR., | No. CV2024-090855 |
| Plaintiff, | |
| vs. | **RESPONSE TO STATE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| STATE OF ARIZONA, | |
| Defendants. | |

Plaintiff Ronnie Rae Osirio, through undersigned counsel, requests that the Court deny the *State's Motion to Dismiss or, in the Alternative, For a More Definite Statement* for the reasons set forth in the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

The State contracted with The Geo Group, Inc. (a private prison company) to incarcerate individuals who had been sentence to prison in the custody of the State. Plaintiff has asserted *Monell* claims against the State, based upon information and belief that the State imposes policies and/or procedures upon The Geo Group and retains oversight over the operations of the private prison facility where Plaintiff was incarcerated at the time of the incident which is the subject of this lawsuit. Discovery is required for Plaintiff's counsel to ascertain the specific policies and

procedures promulgated and enforced by the State.

Plaintiff's Complaint alleges that:

> The State of Arizona (in its official capacities), directly, as well as by and through its agents and official policymakers, establishes policy for the operation of prisons in Arizona (including those privately operated) and oversees the operations of prison facilities in which inmates are incarcerated, including private prisons which operate under contract with the State of Arizona.  Arizona's policies and oversight dictate how private prisons in Arizona operate.  Such policies and oversight directly, or via ratification, constitute official State policy, customs, and practices.

Plaintiff's Complaint, ¶ 22.  Plaintiff also alleges that Arizona was "deliberately and callously indifferent to the constitutional rights of prison inmates" by inadequately training Geo Group personnel, employees, and agents regarding appropriate and constitutional policies and procedures pertaining to the use of force.  Plaintiff's Complaint, ¶ 24.

## II.  LAW

### A.  The State Failed to Comply with the "Good Faith Consultation Certificate" Requirement

Plaintiff requests that the Court deny the State's Motion to Dismiss because the State failed to comply with Rules 16(j) and 7.1(h), *Arizona Rules of Civil Procedure*.  Rule 16(j) states that "[a] good faith consultation certificate complying with Rule 7.1(h) must accompany any motion brought under" Rule 12(b)(6).  Rule 7.1(h) mandates that "the movant must attach to the motion a separate statement certifying and demonstrating that the movant has tried in good faith to resolve the issue by conferring with--or attempting to confer with--the party or person against whom the motion is directed."

- 2 -

The purpose of a good faith consultation prior to filing a motion is particularly apparent in the present case because Plaintiff's counsel would have agreed to file an amended complaint to address some of the arguments raised in the State's Motion to Dismiss.  For example, Plaintiff's counsel mistakenly included "Penzone" in the Complaint, which simply was the result of an editing oversight when counsel utilized a Complaint for this same Plaintiff (filed in a federal lawsuit against the Maricopa County Sheriff) as a template to draft the Complaint in this case.  This error is corrected in the Amended Complaint, attached as Exhibit 1, which Plaintiff intends to file after conferring with Defense Counsel to discuss any concerns that Counsel may have regarding the proposed Amended Complaint, which may be addressed before the Amended Complaint is filed.

Accordingly, the Court should deny the Motion to Dismiss because the State failed to comply with the "Good Faith Consultation Certificate" requirement in Rules 16(j) and 7.1(h).

## B.    A Notice of Claim Was Not Required

Plaintiff's *Monell* claim is based upon federal law.  42 U.S.C. § 1983; M*onell v. Dep't of Soc. Servs. of City of N.Y.* , 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).  A municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which resulted "when the execution of the government's policy or custom ... inflicts the injury."  *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267, 107 S.Ct. 1114 (1987) (O'Connor, J., dissenting)).  Federal law preempts any state law, including Arizona's Notice of Claim requirement. *Felder v. Casey*, 487 US 131 (1988); *Ellis v. City of San Diego*, 176 F.3d 1183 (9th Cir. 1999).  Therefore, this Court should deny the State's Motion to Dismiss Plaintiff's *Monell* claim because the State's Notice of Claim requirement does not

apply to federal claims which Plaintiff has asserted against the State.

Furthermore, the State is only vicariously liable for Plaintiff's Assault and Battery claim. The Notice of Claim requirement does not apply to vicarious liability. The Notice of Claim requirement applies only to "claims against a public entity, public school or a public employee." A.R.S. § 12-821.01. Plaintiff's claims are against J. A. Rodriguez, who is an employee of a private company, The Geo Group, Inc. Rodriguez is not a public employee and The Geo Group is not a public entity. The statutory definition of a "public entity" extends only to the state and any political subdivision of the state. A.R.S. 12-820(7). Therefore, Mr. Rodriguez is not a "public employee."

The State of Arizona is indirectly or vicariously liable for the conduct of Mr. Rodriguez because the State had contracted with The Geo Group to operate a private prison to incarcerate criminal defendants who are sentenced to imprisonment in the State's custody. The Geo Group is a private independent contractor, which the State has selected to fulfill the State's obligation to incarcerate individuals convicted of crimes. By retaining The Geo Group as an independent contractor, the State has created an agency relationship with the Geo Group and has assumed vicarious liability for Mr. Rodriguez's violent conduct which caused Plaintiff's damages. However, a Notice of Claim was not required because Plaintiff's claim is not "against a public employee", but rather an employee of a private entity.

## C. Plaintiff's Allegations are Sufficient to Satisfy the "Notice Pleading" Standard

Plaintiff's allegations satisfy Arizona's "notice pleading" standard. In *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, 189 P.3d 344, 346 (2008), the Supreme Court reaffirmed

the long-standing "notice pleading" standard which governs the sufficiency of a complaint:

> Arizona courts assess the sufficiency of a claim under Rule 8's requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8, Arizona follows a notice pleading standard, the purpose of which is to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved."

*Cullen*, 218 Ariz. at 419, 189 P.3d at 346, quoting *Mackey v. Spangler*, 81 Ariz. 113, 115, 301 P.2d 1026, 1027-28 (1956). Plaintiff's Complaint satisfies the "notice pleading" standard in *Cullen* because it contains a "short and plain" statement of Plaintiff's claim and his basis for relief. The Complaint's contents fulfill the purpose articulated in *Cullen* by giving the State "fair notice of the nature and basis of the claim" and a general indication of the type of litigation involved.

In *Verduzco v. Am. Valet*, 240 Ariz. 221, 225, 377 P.3d 1016, 1020 (Ct App. 2016), the Court further articulates the standards of Rule 12(b)(6):

> Under Arizona's notice pleading rules, "it is not necessary to allege the evidentiary details of plaintiff's claim for relief." Daniel J. McAuliffe & Shirley J. McAuliffe, *Arizona Civil Rules Handbook* at 21 (2015 ed.). . . .In addition, "knowledge, and other condition of mind of a person may be averred generally." Ariz. R. Civ. P. 9(b). "The test is whether enough is stated to entitle the pleader to relief on some theory of law susceptible of proof under the allegations made." McAuliffe & McAuliffe, supra , at 144.
>
> *            *            *
>
> See McAuliffe & McAuliffe, supra , at 144 ("The purpose of Arizona's liberal pleading standards is to avoid technicalities and to give the opposing party notice of the basis for the claim and of its general nature.").

While Plaintiff's short and plain statement of facts may not contain evidentiary details, it provides fair notice of the basis for relief under Plaintiff's theories of law, which are susceptible

of proof under the allegations within the Complaint.

In *Coleman v. City of Mesa*, 230 Ariz. 352, 356, 284 P.3d 863, 867 (2012), the Court reaffirmed that:

> Dismissal is appropriate under Rule 12(b)(6) only if "as a matter of law plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, 954 P.2d 580, 582 (1998).

The *Coleman* Court further admonishes: "In determining if a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts. . . ."  *Coleman* 230 Ariz. at 356, 284 P.3d at 867, citation omitted.  The allegations in Plaintiff's Complaint, and the reasonable inferences from those allegations, support Plaintiff's claims well beyond what is minimally required by Arizona's "Notice Pleading" standard.

However, if the Court concludes that Plaintiff's Complaint does not adequately provide the State with fair notice of the nature and basis of Plaintiff's claims, then Plaintiff requests an opportunity to correct any such deficiency.   Leave to amend, although discretionary, should be liberally granted.  *Owen v. Superior Court*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982).  "Before the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects." *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, 990 P.2d 26, 33 (Ct. App. 1999).  Therefore, if the Court is inclined to dismiss Plaintiff's claims, Plaintiff requests leave to amend his Complaint to correct any deficiency.

It is important to recognize that Plaintiff needs the opportunity to conduct discovery to

- 6 -

ascertain the specific State policies, procedures, and oversight which it imposes upon The Geo Group. This information is exclusively within the possession and control of the State. If the Court dismisses Plaintiff's *Monell* claim, for insufficient specificity, then Plaintiff requests that the Court's ruling include an admonition that the scope of discovery will extend to all matters involving the State's relationship with, interaction with, and oversight of The Geo Group. Plaintiff's counsel previously has encountered discovery disputes in which defendants have objected to such discovery because there was no *Monell* claim asserted in the complaint. It would be fundamentally unfair if Plaintiff were precluded from obtaining the documents and information necessary to support a *Monell* (because the scope of discovery is limited) and Plaintiff also is precluded from asserting a *Monell* claim without the documents and information necessary to support the *Monell* claim. In other words, it would be unfair to deprive Plaintiff of the opportunity to assert a *Monell* claim, simply because he had no access to the specific policies and information necessary to support such a claim, but then preclude him from undertaking discovery to obtain such information and documents.

The State asserts that it "does not have a policy that allows COs to assault inmates for no apparent reason." Motion to Dismiss, p. 4, lns. 24-25. Plaintiff requests that the Court disregard this assertion because it is unsupported by any evidence or affidavit. Alternatively, the Court should treat the State's pleading as a motion for summary judgment because this assertion is beyond the "four corners" of Plaintiff's Complaint. Rule 12(d), *Arizona Rules of Civil Procedure*. If the Court designates the State's pleading as a motion for summary judgment, then Plaintiff requests additional time to conduct discovery, pursuant to Rule 56(d).

## III. CONCLUSION

For the reasons stated above, Plaintiff requests that the Court deny the *State's Motion to Dismiss or, in the Alternative, For a More Definite Statement.*

DATED:  May 13, 2024

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**

By:_____/ s /  *J. Scott Halverson*_____
                    J. SCOTT HALVERSON
                    ATTORNEY FOR PLAINTIFF

ORIGINAL of the foregoing
efiled and COPY emailed this
date:  May 13, 2024, to:

Lucy M. Rand
OFFICE OF THE ATTORNEY GENERAL
2005 N. Central Avenue
Phoenix, AZ  85004-1592
Attorney for Defendant State of Arizona

By:  / s /  R. Loza, paralegal_____

- 8 -

1  J. Scott Halverson, SBN 10629
   LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2  2173 E. Warner Road, Suite 101
   Tempe, Arizona 85284
3  Telephone (480) 777-7776
   Facsimile: (602) 357-7444
4  Email: scott@halversonfirm.com

5  Attorney for Plaintiff

6  **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF MARICOPA**

8  RONNIE RAE OSIRIO, JR.,                    No. CV2024-090855

9                    Plaintiff,               **AMENDED COMPLAINT**

10  vs.                                        (The Honorable Rodrick Coffey)

11  STATE OF ARIZONA, JA RODRIGUEZ,
    an individual, and JANE DOE
12  RODRIGUEZ, husband and wife; THE GEO
    GROUP, INC., a corporation; JOHN DOES
13  I-X, and ABC CORPORATIONS I-X,

14                    Defendants.

15

16      Plaintiff Ronnie Rae Osirio, for his Complaint against Defendants, alleges as follows:

17                        **JURISDICTION AND PARTIES**

18

19      1.      Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, for violations of the

20  United States Constitution, as well as intentional torts committed against Plaintiff.

21      2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  The

22  Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

23      3.      Plaintiff Ronnie Osirio currently resides in Pinal County, Arizona.

24      4.      The State of Arizona is one of the states of the United States of America.

25

5.     Upon information and belief Defendant Ja. Rodriguez was, at all times relevant to this complaint, employed as a correctional officer by the GEO Group, Inc. at the Central Arizona Correctional Facility, located at 1401 E. Diversion Dam Road, Florence, AZ.

6.     At all relevant times, Defendant Rodriguez acted under color of law to cause events to occur out of which this cause of action arises.

7.     Upon information and belief, Ja. Rodriguez and Jane Doe Rodriguez, are and were husband and wife, at all times material hereto and were acting on behalf of their marital community.

8.     Defendant Jane Doe Rodriguez is a fictitious name for the spouse of Defendant Ja. Rodriguez and Plaintiff will amend the Complaint when her true and correct name is ascertained.

9.     Defendant The GEO Group, Inc. ("GEO) is a private corporation doing business as a correctional facility in the State of Arizona, with its headquarters in Boca Raton, Florida, and employed Defendant Rodriguez at all relevant times.

10.     The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants John Does I-X, and ABC Corporations I-X, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

- 2 -

11.     The estimated value of the damages in this case is between $50,000 and $300,000, so this case qualifies as a Tier 2 case, pursuant to Rule 26.2(d)(1), *Arizona Rules of Civil Procedure*.

## FACTS

12.     On February 28, 2022, Plaintiff Osirio was in the custody of the State of Arizona and imprisoned in the Central Arizona Correctional Facility ("CACF"), located at 1401 E. Diversion Dam Road, Florence, Arizona.

13.     Defendant Rodriguez physically accosted Plaintiff by tackling Plaintiff onto the bed in his cell and punching Plaintiff repeatedly in the face.

14.     Defendant Rodriguez also pulled Plaintiff off of the bed, pushed him against a wall and resumed punching Plaintiff.

15.     Plaintiff dropped to the floor, but Defendant Rodriguez continued to punch him and then began kicking him multiple times.

16.     As a result of this violent beating, Plaintiff suffered physical injuries and psychological trauma.

17.     At the time of this incident, Mr. Rodriguez was an employee of GEO.

18.     The State had selected and retained GEO to operate the CACF as a private prison to incarcerate individuals (such as Plaintiff) who had been sentenced to prison in the custody of the State.

16.19. By virtue of its contract with GEO, as an independent contractor, the State created an agency relationship with GEO.

## COUNT ONE:   CIVIL RIGHTS VIOLATION

17.20.  Plaintiff re-asserts all previous allegations in as part of this Count.

18.21.  Defendant Rodriguez intentionally used excessive and unreasonable force against Plaintiff in violation of Plaintiff's Fourth Amendment rights to be free from unreasonable use of force, as well as Plaintiff's federal civil rights, as codified in 42 U.S.C. § 1983.

19.22.  The violations of Plaintiff's rights, under the United States Constitution and 42 U.S.C. § 1983, committed by Defendant Rodriguez proximately caused Plaintiff to suffer significant physical injuries, psychological trauma, and other damages.

20.23.  Defendant Rodriguez's use of excessive and unreasonable force was done intentionally and in reckless disregard of Plaintiff's constitutional rights, so punitive damages are warranted and should be determined by a jury to deter and prevent Defendant and others from acting in a similar manner in the future.

## COUNT TWO:   MONELL CLAIM
## (Violation of 42 U.S.C. § 1983: Unconstitutional Policies, Customs, and Failure to Train and Supervise Defendant Penzone and Police John Doe Supervisors)

21.24.  Plaintiff re-asserts all previous allegations in as part of this Count.

25.     The State of Arizona (in its official capacities), directly, as well as by and through its agents and official policymakers, establishes policy for the operation of prisons in Arizona (including those privately operated) and oversees the operations of prison facilities in which inmates are incarcerated, including private prisons which operate under contract with

- 4 -

the State of Arizona.

22.26. Arizona's policies and oversight dictate how private prisons in Arizona operate. Such policies and oversight directly, or via ratification, constitute official State policy, customs, and practices.

23. The State, through its administrators and supervisors (in their official capacities) have assumed and undertaken oversight and supervisory responsibility over private prison operations and the conduct of private prison employees and agents with respect to matters involving the incarceration and treatment of inmates in the custody of the Arizona Department of Corrections.

24.27. Despite their knowledge of, and notice to them, Arizona administrators and Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of prison inmates with regard to the State's policies, procedures, and oversight, as to the training (and/or failing to adequately train) GEO personnel and , employees, and agents in matters pertaining to the appropriate, lawful and constitutional policies, procedures, practices, protocols, and customs for the use of force; the processing, evaluation, handling, management, and restraint of prison inmates.

25.28. The State, through its administrators and supervisors (in their official capacities) have long been on notice and had knowledge of the dangerous and unconstitutional conditions that led to Plaintiff's beating and damages.

26.29. 79. Despite their knowledge of and notice, the State, through its administrators and supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of prison inmates by promulgating inadequate or

- 5 -

improper policies or procedures, or by failing to promulgate adequate and proper policies and procedures, for GEO to follow in ~~their inadequate and imprope~~r screening, hiring, ret~~aining, ention~~ and/or supervisi~~ng~~on ~~of private prison~~ GEO employees~~,~~ and staff~~agents~~.

27.30. Despite their knowledge and notice, the State, through its administrators and supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of prison inmates by fostering, encouraging, and knowingly accepting formal and informal policies or customs condoning indifference to the use of excessive force by GEO employees, such that bodily harm to prison inmates was likely to occur in a manner similar to that of Plaintiff.

28.31. The deliberate, reckless, and callous actions of ~~Arizona~~the State's administrators and supervisors, as described above, substantially contributed to and/or was the moving force behind the use of excessive force upon Plaintiff by Defendant Rodriguez and the damages that Plaintiff suffered by this Defendant's unlawful use of force.

32.    The wrongful conduct of Defendant Rodriguez, as described above, constitutes violations of 42 U.S.C. § 1983, ~~in that~~because with deliberate and callous indifference, he deprived Plaintiff of rights secured to him by the Constitution and laws of the United States, including the right to be free from law enforcement's excessive force.

33.    The wrongful conduct of Defendant Rodriguez was in reckless disregard of Plaintiff's constitutional rights, so punitive damages (in an amount to be determined by a jury) should be awarded to deter and prevent Defendant Rodriguez and others from acting in a similar manner in the future.

29.

30.     The wrongful conduct of Defendant Rodriguez was in reckless disregard of Plaintiff's constitutional rights, so punitive damages (in an amount to be determined by a jury) should be awarded to deter and prevent Defendant Rodriguez and others from acting in a similar manner in the future.

## COUNT THREE:   ASSAULT AND BATTERY

31.34. Plaintiff re-asserts all previous allegations in as part of this Count.

32.35. Defendant Rodriguez intentionally hit, kicked, forcibly restrained, and otherwise physically accosted Plaintiff while Defendant Rodriguez was acting within the course and scope of his employment by The Geo Group as a prison guard or corrections officer.

33.36. The intentional and violent physical force which Defendant Rodriguez inflicted upon Plaintiff constituted offensive physical contacts.

34.37. The intentional and violent physical force which Defendant Rodriguez inflicted upon Plaintiff directly and proximately caused Plaintiff to suffer injuries and other damages, including pain, suffering, psychological trauma, medical expenses, and/or economic loss, all in an amount to be determined at trial.

35.38. Defendant The GEO Groupand the State are is vicariously liable for the actions of its employee/agentDefendant Rodriguez, pursuant to the principle of agency and *Respondeat Superior*.

## PUNITIVE DAMAGES

36.39. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

37.40. The intentional, wanton, callous, reckless, and depraved conduct of Defendant

Rodriguez, as described above, entitles Plaintiff to punitive damages against Defendants Rodriguez and GEO because the acts of Defendant Rodriguez manifest such reckless and complete indifference to, and a conscious disregard for, the safety of others.

38.41. Defendant Rodriguez knew, or should have known, of the high probability that his violent physical force against Plaintiff, as described above, would cause Plaintiff injury, yet Defendant Rodriguez intentionally and recklessly failed to consider this risk of injury and proceeded to inflict such force on Plaintiff.

39.42. The actions of Defendant Rodriguez, as described above, were the result of his consciously disregarding the substantial risk that his conduct might significantly injure Plaintiff, such that punitive or exemplary damages are warranted to punish and deter Defendant Rodriguez and others from similar misconduct in the future.

40.43. The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, entitles Plaintiff to punitive damages against Defendants Rodriguez and GEO because the acts manifest such reckless and complete indifference to, and a conscious disregard for, the safety of Plaintiff., so punitive damages are warranted against Defendant Rodriguez.

41.44. The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, occurred at Defendant GEO's correctional facility and Defendant Rodriguez was an employee/agent of Defendant GEO and was working as a prison guard or correctional officer for Defendant GEO at the time of the subject incident, so Defendant GEO is vicariously liable for the violent acts of Defendant Rodriguez, as well as the punitive damages which are warranted.

## **DAMAGES**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a.      For general damages and economic losses already incurred, and to be incurred in the future, in an amount reasonable and proper in the premises;

b.      For punitive damages against Defendants Rodriguez and GEO;

c.      For pre-judgment interest on all liquidated damages;

d.      For taxable costs and litigation expenses;

e.      For attorney's fees, pursuant to 42 U.S.C. § 1988.

f.      For any other damages or remedies that are just and reasonable under the circumstances.


DATED:  May 13, 2024~~May 11, 2024~~


**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**


By:_____/ s /  *J. Scott Halverson*_____
                    J. SCOTT HALVERSON
                    ATTORNEY FOR PLAINTIFF

Granted with Modifications
***See eSignature page***

Case 2:24-cv-03692-SMB--DMF     Document 1-1     Filed 12/20/24     Page 70 of 88

Clerk of the Superior Court
*** Electronically Filed ***
A. Meza, Deputy
5/9/2024 8:00:00 AM
Filing ID 17777606

1
2
3
4

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

5

Attorney for Plaintiff

6

**IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

7

**IN AND FOR THE COUNTY OF MARICOPA**

8

RONNIE RAE OSIRIO, JR.,

No. CV2024-090855

9

Plaintiff,

10

vs.

**ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE**

11

STATE OF ARIZONA,

12

Defendants.

13

14

THIS MATTER having come before the Court upon Plaintiff's Motion to Extend Time

15

for Service; and sufficient grounds appearing;

16

IT IS THEREFORE ORDERED granting said motion and extending the deadline to

17

effectuate service from May 9, 2024 until August 9, 2024.

18

DATED:_____

19

20

_____

21

Judge Jennifer Ryan-Touhill

22

23

24

25

# eSignature Page 1 of 1

Filing ID: 17777606   Case Number: CV2024-090855
Original Filing ID: 17760661

_____

**Granted with Modifications**



/S/ Jennifer Ryan-Touhill Date: 5/7/2024
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2024-090855                    SIGNATURE DATE: 5/7/2024

E-FILING ID #: 17777606                    FILED DATE: 5/9/2024 8:00:00 AM


J SCOTT HALVERSON


LUCY MARIE RAND


GEO GROUP INC, THE
NO ADDRESS ON RECORD


J A RODRIGUEZ
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
5/3/2024 10:13:32 AM
Filing ID 17760661

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| RONNIE RAE OSIRIO, JR., | No. CV2024-090855 |
|---|---|
| Plaintiff, | |
| vs. | **MOTION TO EXTEND TIME FOR SERVICE** |
| STATE OF ARIZONA, | |
| Defendants. | |

Plaintiff Ronnie Rae Osirio, through undersigned counsel, respectfully requests this Court enter an Order extending the deadline to effectuate service and, in support thereof, states:

1.     The Complaint was filed against multiple defendants on February 9, 2024 and the deadline to effectuate service is May 9, 2024.

2.     All defendants except Defendant Officer Jason Rodriguez have been served. The process server attempted to serve Defendant Rodriguez at his last known place of employment (Central Arizona Correctional Facility); however, the facility has a policy which precludes process servers from serving documents on its employees.

3.     Plaintiff has requested that defense counsel for Defendant's employer accept service and/or provide Defendant Officer Rodriguez' last known home address.  Counsel has

not been in contact with Defendant Rodriguez and does not have authority to accept service, but has requested the home address from his employment file.

4.    Plaintiff will need additional time either to serve Defendant Rodriguez at his home address or serve via publication.

ACCORDINGLY, Plaintiff respectfully requests this Court enter an order extending the deadline to effectuate service for ninety (90) days from May 9, 2024.

DATED:  May 3, 2024

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**

By:    / s /   *J. Scott Halverson*

J. SCOTT HALVERSON
ATTORNEY FOR PLAINTIFF

ORIGINAL of the foregoing
efiled and COPY emailed this
date:  May 3, 2024, to:

Lucy M. Rand
OFFICE OF THE ATTORNEY GENERAL
2005 N. Central Avenue
Phoenix, AZ  85004-1592
Attorney for Defendant State of Arizona

By:  / s /  S. Cole, paralegal

Clerk of the Superior Court
*** Electronically Filed ***
A. Meza, Deputy
4/30/2024 8:00:00 AM
Filing ID 17731537

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR., | No. CV2024-090855 |
| Plaintiff, | |
| vs. | **ORDER GRANTING STIPULATION TO EXTEND DEADLINE TO RESPOND TO STATE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| STATE OF ARIZONA, | |
| Defendants. | |

THIS MATTER having come before the Court upon the parties' Stipulation to Extend Deadline to Respond to State's Motion to Dismiss or, in the Alternative, for a More Definite Statement; and sufficient grounds appearing

IT IS ORDERED granting the stipulation and extending the time for Plaintiff to file his Response until May 17, 2024.

DATED:_____

_____
Judge Jennifer Ryan-Touhill

# eSignature Page 1 of 1

Filing ID: 17731537   Case Number: CV2024-090855
Original Filing ID: 17706792

_____

**Granted with Modifications**



/S/ Jennifer Ryan-Touhill Date: 4/29/2024
_____
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2024-090855                SIGNATURE DATE: 4/29/2024

E-FILING ID #: 17731537                       FILED DATE: 4/30/2024 8:00:00 AM

J SCOTT HALVERSON

LUCY MARIE RAND

GEO GROUP INC, THE
NO ADDRESS ON RECORD

J A RODRIGUEZ
NO ADDRESS ON RECORD

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
4/24/2024 8:40:51 AM
Filing ID 17706792

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR., | No. CV2024-090855 |
| Plaintiff, | **STIPULATION TO EXTEND DEADLINE TO RESPOND TO STATE'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |
| vs. | |
| STATE OF ARIZONA, | |
| Defendants. | |

THE PARTIES, through their respective undersigned counsel, hereby stipulate to extend the deadline for Plaintiff to respond to the State's Motion to Dismiss or, In the Alternative, for a More Definite Statement until May 17, 2024. The reason for the extension is that Plaintiff's counsel was inadvertently excluded from service of the Motion and did not become aware of said Motion until April 12, 2024.

For that reason, the parties respectfully request the Court enter an order extending the time for Plaintiff to file his Response until May 17, 2024.

DATED: April 24, 2024

LAW OFFICES OF J. SCOTT HALVERSON, P.C.

By: /s/ *J. Scott Halverson*

J. SCOTT HALVERSON
ATTORNEY FOR PLAINTIFF

**OFFICE OF THE ATTORNEY GENERAL**

By:_____ / s /_____ *Lucy M. Rand*_____

LUCY M.RAND
ATTORNEY FOR DEFENDANT
STATE OF ARIZONA

ORIGINAL of the foregoing
efiled this date:  April 24, 2024.

By:_ / s /  S. Cole, paralegal_____

- 2 -

Clerk of the Superior Court
*** Electronically Filed ***
03/28/2024 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2024-090855                                            03/25/2024


                                                  CLERK OF THE COURT
HONORABLE DANIELLE J. VIOLA                        K. Tiero
                                                  Deputy



RONNIE RAE OSIRIO JR.                     J SCOTT HALVERSON

v.

STATE OF ARIZONA, et al.                  STATE OF ARIZONA
                                          NO ADDRESS ON RECORD



                                          GEO GROUP INC, THE
                                          NO ADDRESS ON RECORD
                                          J A RODRIGUEZ
                                          NO ADDRESS ON RECORD
                                          JUDGE COFFEY
                                          JUDGE RYAN-TOUHILL
                                          JUDGE VIOLA



### CASE REASSIGNMENT – EFFECTIVE MARCH 29, 2024

This case was previously assigned to the Honorable Rodrick Coffey.  The Civil Department has identified a need to rebalance judicial caseloads to maximize judicial resources and enhance efficiency in case management.  Consistent with AO 2024-022 and with approval of the Arizona Supreme Court,

**IT IS ORDERED** reassigning this case to Civil Calendar CVJ14, the Honorable Jennifer Ryan-Touhill, for all further proceedings effective March 29, 2024.

**IT IS FURTHER ORDERED** affirming any and all hearings currently set in this matter which will be heard by the Honorable Jennifer Ryan-Touhill unless otherwise modified or rescheduled by Judge Jennifer Ryan-Touhill.

All hearings set via court connect can be accessed as follows:

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2024-090855                                           03/25/2024

Please join from your computer, tablet or smartphone.
tinyurl.com/jbazmc-cvj14
You can also dial in using your phone (audio only)
+1 917-781-4590
Phone Conference ID: 869 390 901#

All hearings set in person will be held at the following location:

The Honorable Jennifer Ryan-Touhill
Maricopa County Superior Court
East Court Building
101 W. Jefferson
ECB 414
Phoenix, AZ 85003

Effective March 29, 2024, please direct all future filings and any courtesy copies to Judge Jennifer Ryan-Touhill's division.

J.Scott Halverson
J. Scott Halverson, P.C.
2173 E. Warner Road
Suite 101
Tempe, AZ 85284
(480) 777-7776
Bar No. 10629

CLERK OF THE
SUPERIOR COURT
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

24 MAR 27 PM 2: 55

**FILED**
BY D. Lugo, DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Ronnie Rae Osirio, Jr.,

                                         Plaintiff,

              vs.

State of Arizona, et al.,

                                         Defendant.

Case Number: CV2024-090855

**AFFIDAVIT OF NON-SERVICE**

Received by Southwest Delivery Solutions Inc. on the 12th day of February, 2024 at 9:56 am to be served on **Ja Rodriguez, 1401 E Diversion Dam Rd, Florence, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **26th day of March, 2024** at **11:40 am**, I:

**NON-SERVED** the **Summons, Complaint & Certificate of Compulsory Arbitration** for the reason that I failed to find **Ja Rodriguez** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
2/16/2024  9:37 am  Attempted Address: 1401 E Diversion Dam Rd Florence, AZ: can't serve employee's at facility has to go to main office or homes

**Service Fee Items:**

| | |
|---|---|
| Mileage | $197.80 |
| Notary Fee | $8.00 |
| Total | $205.80 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 26th day of March, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 660859
Expires: July 7, 2028
Maricopa County

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 6253
Glendale, AZ 85312
(602) 266-5577

Our Job Serial Number: STW-2024000126
Ref: Ronnie Osirio

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
3/25/2024 8:11:33 PM
Filing ID 17550856

1  KRISTIN K. MAYES
   ATTORNEY GENERAL
2  Firm State Bar No. 14000

3  Lucy M. Rand, Ariz. Bar No. 026919
   Assistant Attorney General
4  2005 N. Central Avenue
   Phoenix, AZ  85004-1592
5  Telephone:   (602) 542-1645
   Facsimile:   (602) 542-7670
6  Email:       Lucy.Rand@azag.gov
                DefensePhx@azag.gov
7
   *Attorneys for State of Arizona*
8

9

10

11              **ARIZONA SUPERIOR COURT**

12              **MARICOPA COUNTY**

13

14  RONNIE RAE OSIRIO, JR.,                    Case No: CV2024-090855

15              Plaintiff,                     **MOTION TO DISMISS OR, IN THE
                                               ALTERNATIVE, FOR A MORE
    v.                                         DEFINITE STATEMENT**
16
    STATE OF ARIZONA; JA                       (Assigned to the Hon. Rodrick Coffey)
17  RODRIGUEZ, an individual, and JANE
    DOE RODRIGUEZ, husband and wife;
18  THE GEO GROUP, INC., a corporation;
    JOHN DOES I-X, and ABC
19  CORPORATIONS I-X,

20              Defendants.

21          Pursuant to Arizona Rule of Civil Procedure 12(b)(6), Defendant the State of

22  Arizona, through undersigned counsel, respectfully requests that the Court dismiss the

23  claims asserted against it by Plaintiff Ronnie Rae Osirio, Jr.  In the alternative, the State

24  moves for an order under Rule 12(e) directing Plaintiff to provide a more definite

25  statement of his claim against the State so that the State may fairly frame a pleading in

26  response to the allegations against it.   This Motion is supported by the following

27  Memorandum.

28
    #11994193

**MEMORANDUM**

## I.    Motions to Dismiss Are Intended to Dispose of Fatally Deficient Claims.

Rule 12(b)(6) serves the critically important function of promptly eliminating legally deficient claims that, absent early dismissal, would needlessly consume judicial resources and impose unnecessary burden, distraction and expense on a defendant – here the State of Arizona.  *See Moretto v. Samaritan Health Sys.*, 190 Ariz. 343, 346, 947 P.2d 917, 920 (App. 1997) ("A motion to dismiss tests the formal sufficiency of a claim for relief."); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) ("The purpose of [Rule 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity.").[1]  In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts should consider only the well-pled factual allegations contained in the pleading.  *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, ¶ 7, 419, 189 P.3d 344, 346 (2008).  While courts may assume the truth of factual allegations and indulge in reasonable inferences from them, courts should not assume as true any conclusions of law or unwarranted factual deductions.  *Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (App. 1989).  Similarly, a formulaic recitation of the elements of a cause of action does not adequately state a claim.  *Cullen*, 218 Ariz. at 419, ¶ 7, 189 P.3d at 346 ("[M]ere conclusory statements are insufficient to state a claim upon which relief can be granted.").  Courts may not "speculate about hypothetical facts that might entitle the plaintiff to relief." *Cullen*, 218 Ariz. at 420, ¶ 14, 189 P.3d at 347.  "A complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard."  *Cullen*, 218 Ariz. at 419, 189 P.3d at 346.

---

[1]    As the Arizona Rules of Civil Procedure were modeled after the Federal Rules of Civil Procedure, Arizona courts give great weight to cases interpreting similar federal rules.  *La Paz Cnty. v. Yuma Cnty.*, 153 Ariz. 162, 164, 735 P.2d 772, 774 (1987).

Generally, under the requirements of Rule 8, Ariz. R. Civ. P., a Complaint must provide defendant of the claims against him and type of litigation involved.

Dismissal is proper when the claim lacks sufficient facts to support a cognizable legal theory. Indeed, Arizona courts routinely dismiss (and affirm dismissal of) claims at the Rule 12(b)(6) stage that are barred as a matter of law or do not allege facts supporting the necessary elements of the claims asserted. *See, e.g.*, *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 343, 783 P.2d 781, 789 (1989) (affirming dismissal of public figure's claim for false light invasion of privacy based on publication relating to public life/duties); *Reynolds v. Reynolds*, 231 Ariz. 313, 317-19, 294 P.3d 151, 155-57 (App. 2013) (affirming dismissal of Complaint asserting false light and defamation claims on grounds that statements at issue were not capable of defamatory meaning and did not concern the plaintiffs); *see also Hosszu v. Barrett*, 202 F. Supp. 3d 1101, 1109 (D. Ariz. 2016) (affirming dismissal of defamation and false light claims). As demonstrated below, Plaintiff's Complaint fails to state viable claims for relief against the State and these claims must be dismissed.

## II. Plaintiff's Claims Fail as a Matter of Law.

Assuming (because it is not clear), Plaintiff's Complaint attempts to set forth a *Monell* claim for violations of 42 U.S.C. § 1983 based on unconstitutional policies and customs, and failure to train and supervise "Defendant Penzone" and "Police John Doe Supervisors", each claim fails as a matter of law because these parties are not employees of the state of Arizona. Further, the allegations within the Complaint do not state a viable claim upon which relief can be granted.

### A. Plaintiff's Allegations of Against Non-State of Arizona Employees Fails to State a Claim Upon Which Relief Can Be Granted.

In Count Two of Plaintiff's Complaint, he alleges claims under *Monell* against non-state of Arizona parties. Plaintiff entitles Count Two as against "Defendants Penzone" and "Police John Doe Supervisors." Plaintiff does not name these parties as defendants (Complaint at 1-2) or make any specific claims against them (*id.* at 8). It is

unclear to whom Plaintiff intends as "Defendant Penzone," however, assuming that Plaintiff means Maricopa County Sheriff Paul Penzone, he was not an employee of the state of Arizona. Plaintiff also names "Police John Doe Supervisors," and it is unclear to whom Plaintiff refers. Plaintiff cannot make claims against the State of Arizona for the alleged acts of non-employees of the State. Plaintiff has stated a claim for which the Court cannot grant relief.

### B.    Plaintiff Failed to File a Notice of Claim.

Plaintiff fails to plead facts related to the service of a notice of claim and Plaintiff pleads state tort claims: assault and battery, as well as *Monell* claims based on the alleged assault and battery. Defendant the State of Arizona is a public entity. Pursuant to A.R.S. § 12-821.01, "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." Accordingly, the service of a notice of claim is a prerequisite to Plaintiff making any state law claim and should be pled in the Complaint. Plaintiff does not state that he filed a notice of claim and the Attorney General's Office has no record of receiving a notice of claim from Plaintiff. Plaintiff's state tort claims are barred because he failed to file a notice of claim.

### C.    Plaintiff's *Monell* Claim Is Insufficient.

Plaintiff's Complaint fails to state a *Monell* claim. Here, Plaintiff claims that a corrections officer ("CO") "intentionally hit, kicked, forcibly restrained, and otherwise physically accosted Plaintiff" for no apparent reason, but based on the ADCRR's policies. (Complaint at 7, ¶ 32.) The State of Arizona does not have a policy that allows COs to assault inmates for no apparent reason. Further, Plaintiff does not specify to which policy or category of policies he refers. Plaintiff also fails to specify a date or a relevant time period for the policies he refers, and there have been thousands of policies over the years.

Additionally, State administrators cannot be held liable for a single actor's alleged unconstitutional actions. *Barnes v. City of El Paso*, 2023 WL 4097075 at *6 (9th Cir. 2023). A pattern of conduct is necessary to establish state liability under § 1983 on a theory of widespread practice or custom requires sufficiently numerous prior incidents, rather than isolated incidents. Plaintiff makes allegations without providing any specific facts and "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen*, 218 Ariz. at 419, ¶ 7, 189 P.3d at 346. Similarly, a formulaic recitation of the elements of a cause of action does not adequately state a claim. Plaintiff simply cites the elements of a cause of action and states that they occur. (Complaint at 4-7, ¶¶ 22-30.) Plaintiff has failed to provide sufficient facts stated a claim for which the Court cannot grant relief.

**D.    Plaintiff's Count Two Allegations of Unconstitutional Policies and Customs Do Not State a Claim Upon Which Relief Can Be Granted.**

Plaintiff's Count Two claims are too vague to state a claim upon which relief can be granted. Plaintiff claims that the state of Arizona establishes policies for the operation of the prisons, oversees the operations of the prisons, and has had long-standing knowledge of dangerous and unconstitutional conditions that led to Plaintiff's alleged assault. However, Plaintiff fails to specify a date or a relevant time period for the policies or customs he refers and fails to state a particular category of policies, and there have been thousands of policies over the years. Additionally, there are no policies or customs that permit an officer to assault an inmate without cause, as Plaintiff alleges.

**III.    To the Extent the Claims Against the State of Arizona Are Not Dismissed, Plaintiff Must Provide A More Definite and Coherent Statement Regarding Any Surviving Claim.**

As set forth above, Plaintiffs' Complaint appears to attempt to assert causes of action for unconstitutional policies and customs and for failure to train and supervise "Defendant Penzone" and "Police John Doe Supervisors." These parties are not employees of the State of Arizona. Plaintiff fails to identify to which policy or procedure to which he refers, and there is no such ADCRR policy that allows an

employee to assault an inmate without cause. Plaintiff seems to simply recite the elements of a cause of action under § 1983, but fails to provide any details, such as dates or relevant time periods, actors, etc. Plaintiff also pleads an excessive use of force claim under the Fourth Amendment—which applies to a law enforcement officer's use of force—not a correctional officer's use of force in a prison setting. Plaintiff's claims are devoid of any detail and are recitations of the cause of action elements without any specific information. How can the state defend itself if Plaintiff fails to clearly define his claims.

Respectfully submitted this 25th day of March, 2024.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


/s/ Lucy M. Rand
Lucy M. Rand
Assistant Attorney General
*Attorneys for State of Arizona*


**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System. This document and the Notice of Electronic Filing were electronically served on each attorney of record.

A copy of this document was also HAND-DELIVERED this 26th day of March, 2024, to:

Hon. Rodrick Coffey
Maricopa County Superior Court
Southeast Court (SE)
222 E. Javelina Ave.
Mesa, AZ  85210-6234

/s/ T. Izelo
Sr. Paralegal to Lucy Rand
#11994193                                6