J.Scott Halverson
J. Scott Halverson, P.C.
2173 E. Warner Road
Suite 101
Tempe, AZ 85284
(480) 777-7776
Bar No. 10629

CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY

24 FEB 14 PM 2:35

FILED
BY D. Araujo
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

**Ronnie Rae Osirio, Jr.,**

           Plaintiff,

vs.

**State of Arizona, et al.,**

           Defendant.

Case Number: CV2024-090855

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 12th day of February, 2024 at 9:09 pm to be served on **State of Arizona, 2005 N Central Ave, Phoenix, AZ.**

I, Anthony Verdugo, being duly sworn, depose and say that on the **13th day of February, 2024 at 10:00 am,** I:

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **Lisa Fisher** as **Clerk Stated Authorized To Accept** at the address of: **2005 N Central Ave, Phoenix, AZ**, who stated they are authorized to accept service for **State of Arizona**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**

| | |
|---|---|
| Service Fee (Local) | $30.00 |
| Mileage | $34.50 |
| Notary Fee | $8.00 |
| Total | $72.50 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 13th day of February, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 660859
Expires: July 7, 2028
Maricopa County

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
Process Division
P O Box 6253
Glendale, AZ 85312
(602) 266-5577

Our Job Serial Number: STW-2024000097
Ref: Ronnie Osirio

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY

24 FEB 14 PM 2:35
FILED
BY D-Araujo
Deputy Clerk

J.Scott Halverson
J. Scott Halverson, P.C.
2173 E. Warner Road
Suite 101
Tempe, AZ 85284
(480) 777-7776
Bar No. 10629

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

**Ronnie Rae Osirio, Jr.,**

Plaintiff,

vs.

**State of Arizona, et al.,**

Defendant.

Case Number: CV2024-090855

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 12th day of February, 2024 at 9:09 pm to be served on **The Geo Group Inc, 3260 N Hayden Rd, #210, Scottsdale, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **13th day of February, 2024 at 10:37 am,** I:

served by delivering a true copy of the **Summons, Complaint & Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **The Geo Group Inc**, by serving the **Registered Agent Corporate Creations Network,** by serving **Christie Garrett** who is authorized to accept at the address of: **3260 N Hayden Rd, #210, Scottsdale, AZ** on behalf of, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**
| | |
|---|---|
| Service Fee (Local) | $30.00 |
| Mileage | $71.30 |
| Notary Fee | $8.00 |
| Total | $109.30 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 13th day of February, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 660859
Expires: July 7, 2028
Maricopa County

Anthony Verdugo
Process Server

Southwest Delivery Solutions Inc.
Process Division
P O Box 6253
Glendale, AZ 85312
(602) 266-5577

Our Job Serial Number: STW-2024000096
Ref: Ronnie Osirio

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
2/9/2024 10:10:04 AM
Filing ID 17324855

J. Scott Halverson, SBN 10629
LAW OFFICES OF J. SCOTT HALVERSON, P.C.
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Telephone (480) 777-7776
Facsimile: (602) 357-7444
Email: scott@halversonfirm.com

Attorney for Plaintiff

# IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RONNIE RAE OSIRIO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF ARIZONA, JA RODRIGUEZ, an individual, and JANE DOE RODRIGUEZ, husband and wife; THE GEO GROUP, INC., a corporation; JOHN DOES I-X, and ABC CORPORATIONS I-X, <br><br> Defendants. | No. CV2024-090855 <br><br> **COMPLAINT** |

Plaintiff Ronnie Rae Osirio, for his Complaint against Defendants, alleges as follows:

**JURISDICTION AND PARTIES**

1. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, for violations of the United States Constitution, as well as intentional torts committed against Plaintiff.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Plaintiff Ronnie Osirio currently resides in Pinal County, Arizona.

4. The State of Arizona is one of the states of the United States of America.

5. Upon information and belief Defendant Ja. Rodriguez was, at all times relevant to this complaint, employed as a correctional officer by the GEO Group, Inc. at the Central Arizona Correctional Facility, located at 1401 E. Diversion Dam Road, Florence, AZ.

6. At all relevant times, Defendant Rodriguez acted under color of law to cause events to occur out of which this cause of action arises.

7. Upon information and belief, Ja. Rodriguez and Jane Doe Rodriguez, are and were husband and wife, at all times material hereto and were acting on behalf of their marital community.

8. Defendant Jane Doe Rodriguez is a fictitious name for the spouse of Defendant Ja. Rodriguez and Plaintiff will amend the Complaint when her true and correct name is ascertained.

9. Defendant The GEO Group, Inc. is a corporation doing business as a correctional facility in the State of Arizona, with its headquarters in Boca Raton, Florida, and employed Defendant Rodriguez at all relevant times.

10. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants John Does I-X, and ABC Corporations I-X, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

11. The estimated value of the damages in this case is between $50,000 and $300,000, so this case qualifies as a Tier 2 case, pursuant to Rule 26.2(d)(1), Arizona Rules of Civil Procedure.

**FACTS**

12. On February 28, 2022, Plaintiff Osirio was in the custody of the State of Arizona and imprisoned in the Central Arizona Correctional Facility, located at 1401 E. Diversion Dam Road, Florence, Arizona.

13. Defendant Rodriguez physically accosted Plaintiff by tackling Plaintiff onto the bed in his cell and punching Plaintiff repeatedly in the face.

14. Defendant Rodriguez also pulled Plaintiff off of the bed, pushed him against a wall and resumed punching Plaintiff.

15. Plaintiff dropped to the floor, but Defendant Rodriguez continued to punch him and then began kicking him multiple times.

16. As a result of this violent beating, Plaintiff suffered physical injuries and psychological trauma.

**COUNT ONE: CIVIL RIGHTS VIOLATION**

17. Plaintiff re-asserts all previous allegations in as part of this Count.

18. Defendant Rodriguez intentionally used excessive and unreasonable force against Plaintiff in violation of Plaintiff's Fourth Amendment rights to be free from unreasonable use of force, as well as Plaintiff's federal civil rights, as codified in 42 U.S.C. § 1983.

19. The violations of Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983, committed by Defendant Rodriguez proximately caused Plaintiff to suffer significant physical injuries, psychological trauma, and other damages.

20. Defendant Rodriguez' use of excessive and unreasonable force was done intentionally and in reckless disregard of Plaintiff's constitutional rights, so punitive damages are warranted and should be determined by a jury to deter and prevent Defendant and others from acting in a similar manner in the future.

### COUNT TWO: MONELL CLAIM
### (Violation of 42 U.S.C. § 1983: Unconstitutional Policies, Customs, and Failure to Train and Supervise-Defendant Penzone and Police John Doe Supervisors)

21. Plaintiff re-asserts all previous allegations in as part of this Count.

22. The State of Arizona (in its official capacities), directly, as well as by and through its agents and official policymakers, establishes policy for the operation of prisons in Arizona (including those privately operated) and oversees the operations of prison facilities in which inmates are incarcerated, including private prisons which operate under contract with the State of Arizona. Arizona's policies and oversight dictate how private prisons in Arizona operate. Such policies and oversight directly, or via ratification, constitute official State policy, customs, and practices.

23. The State, through its administrators and supervisors (in their official capacities) have oversight and supervisory responsibility over private prison operations and the conduct of

private prison employees and agents with respect to matters involving the incarceration and treatment of inmates in the custody of the Arizona Department of Corrections.

24. Despite their knowledge of, and notice to them, Arizona administrators and Supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of prison inmates with regard to the training (and/or failing to adequately train) personnel, employees, and agents in matters pertaining to the appropriate, lawful and constitutional policies, procedures, practices, protocols, and customs for the use of force; the processing, evaluation, handling, management, and restraint of prison inmates.

25. The State, through its administrators and supervisors (in their official capacities) have long been on notice and had knowledge of the dangerous and unconstitutional conditions that led to Plaintiff's beating and damages.

26. 79. Despite their knowledge of and notice, the State, through its administrators and supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of prison inmates by their inadequate and improper screening, hiring, retention and supervision of private prison employees, and agents.

27. Despite their knowledge and notice, the State, through its administrators and supervisors (in their official capacities) were deliberately and callously indifferent to the constitutional rights of prison inmates by fostering, encouraging, and knowingly accepting formal and informal policies or customs condoning indifference to the use of excessive force, such that bodily harm to prison inmates was likely to occur in a manner similar to that of Plaintiff.

28. The deliberate, reckless, and callous actions of Arizona's administrators and supervisors, as described above, substantially contributed to and/or was the moving force

behind the use of excessive force upon Plaintiff by Defendant Rodriguez and the damages that Plaintiff suffered by this Defendant's unlawful use of force.

29. The wrongful conduct of Defendant Rodriguez, as described above, constitutes violations of 42 U.S.C. § 1983, in that with deliberate and callous indifference, he deprived Plaintiff of rights secured to him by the Constitution and laws of the United States, including the right to be free from law enforcement's excessive force.

30. The wrongful conduct of Defendant Rodriguez was in reckless disregard of Plaintiff's constitutional rights, so punitive damages (in an amount to be determined by a jury) should be awarded to deter and prevent Defendant Rodriguez and others from acting in a similar manner in the future.

## COUNT THREE: ASSAULT AND BATTERY

31. Plaintiff re-asserts all previous allegations in as part of this Count.

32. Defendant Rodriguez intentionally hit, kicked, forcibly restrained, and otherwise physically accosted Plaintiff while Defendant Rodriguez was acting within the course and scope of his employment by The Geo Group as a prison guard or corrections officer.

33. The intentional and violent physical force which Defendant Rodriguez inflicted upon Plaintiff constituted offensive physical contacts.

34. The intentional and violent physical force which Defendant Rodriguez inflicted upon Plaintiff directly and proximately caused Plaintiff to suffer injuries and other damages, including pain, suffering, psychological trauma, medical expenses, and/or economic loss, all in an amount to be determined at trial.

35. Defendant The GEO Group is vicariously liable for the actions of its employee/agent, pursuant to the principle of *Respondeat Superior*.

## **PUNITIVE DAMAGES**

36. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

37. The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, entitles Plaintiff to punitive damages because the acts of Defendant Rodriguez manifest such reckless and complete indifference to, and a conscious disregard for, the safety of others.

38. Defendant Rodriguez knew, or should have known, of the high probability that his violent physical force against Plaintiff, as described above, would cause Plaintiff injury, yet Defendant Rodriguez intentionally and recklessly failed to consider this risk of injury and proceeded to inflict such force on Plaintiff.

39. The actions of Defendant Rodriguez, as described above, were the result of his consciously disregarding the substantial risk that his conduct might significantly injure Plaintiff, such that punitive or exemplary damages are warranted to punish and deter Defendant Rodriguez and others from similar misconduct in the future.

40. The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, entitles Plaintiff to punitive damages because the acts manifest such reckless and complete indifference to, and a conscious disregard for, the safety of Plaintiff, so punitive damages are warranted against Defendant Rodriguez.

41. The intentional, wanton, callous, reckless, and depraved conduct of Defendant Rodriguez, as described above, occurred at Defendant GEO's correctional facility and

Defendant Rodriguez was an employee/agent of Defendant GEO and was working as a prison guard or correctional officer for Defendant GEO at the time of the subject incident, so Defendant GEO is vicariously liable for the violent acts of Defendant Rodriguez, as well as the punitive damages which are warranted.

## **DAMAGES**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a. For general damages and economic losses already incurred, and to be incurred in the future, in an amount reasonable and proper in the premises;

b. For punitive damages;

c. For pre-judgment interest on all liquidated damages;

d. For taxable costs and litigation expenses;

e. For attorney's fees.

f. For any other damages or remedies that are just and reasonable under the circumstances.

DATED: February 9, 2024

**LAW OFFICES OF J. SCOTT HALVERSON, P.C.**

By: /s/ *J. Scott Halverson*
J. SCOTT HALVERSON
ATTORNEY FOR PLAINTIFF

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
S. Allen, Deputy
2/9/2024 10:10:04 AM
Filing ID 17324856

**Plaintiff's Attorney:**

J. Scott Halverson
Bar Number: 010629, issuing State: AZ
Law Firm: LAW OFFICES OF J. SCOTT HALVERSON PC
2173 E. Warner Rd., #101
Tempe, AZ 85284
Telephone Number: (480)777-7776
Email address: scott@halversonfirm.com

CV2024-090855

**Plaintiff:**

Ronnie R Osirio JR

**Defendants:**

State of Arizona

Ja. Rodriguez

Jane Doe Rodriguez

THE GEO GROUP, INC

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: Civil rights violation